## Staunton

SOUTHERN MOTOR LINES COMPANY v. LOTTIE PEARL ALVIS, ET AL.

September 10, 1958.

Record No. 4835.

Present, Eggleston, C. J., and Spratley, Buchanan, Miller, Whittle and Snead, JJ.

The opinion states the case.

*Ralph A. Elmore* (*Elmore & Belcher*, on brief), for the appellant.

*David Meade White* and *Richard McI. Dunn, Jr.* (*White, White & Roberts*, on brief), for the appellees.

WHITTLE, J., delivered the opinion of the court.

This appeal, presented by Southern Motor Lines Company, grows out of an award of the Industrial Commission in which it was found that Edward Wilson Alvis was killed by an accident arising out of and in the course of his employment when he fell to his death from a hotel window, and wherein full compensation was awarded his wife and children, the appellees.

The record discloses that Alvis was a truck driver employed in long distance hauling by Southern Motor Lines Company of Richmond. It was stipulated that he died on October 11, 1956, in Columbus, Georgia; that the duties of his employment required him to be in that city at the time and required him to remain there over night on the 10th and 11th of October.

Alvis had arrived in Columbus with a load of eggs from Nebraska. The eggs were to be unloaded and he was to pick up a load of peanuts bound for Nebraska on Friday the 12th. As was customary, he telephoned his employer upon arrival, advising that he was stopping at the Rankin Hotel and asked that expense money be wired him. The money was forwarded that same day. He was seen by the hotel employees several times on Thursday, the 11th, and was last seen by the night clerk on the evening of that day when he paid for his lodging.

On Friday, the 12th, the hotel manager entered the locked room assigned to Alvis after first working out of the keyhole the key that was inserted therein from inside the room. Alvis' personal belongings were in the room, and it was found that a screen intended for one of the windows had been removed and placed against the wall. The screen bore evidence of having been pried at one corner. It was replaced by the manager who found nothing unusual in its being out of place. The window overlooked a narrow light well some four feet wide at a point approximately opposite the roof of the adjoining building.

The employer's first knowledge of anything amiss came on Monday, October 15th, when a telephone call was received from the consignee in Nebraska complaining that the peanut shipment had not arrived. Another complaint on Tuesday led the employer to call the hotel, and sometime thereafter the body of Alvis was discovered in the light well beneath the third story window of the room which he had occupied.

The report of the coroner's inquest was to the effect that Alvis came

to his death of a major concussion to the back of the head after accidentally falling from a third story window of the hotel.

The evidence disclosed that the night of October 11th was extremely warm, and that the guests of the hotel frequently removed screens from the windows to admit more air. A representative of the employer testified that Alvis' accounts were in proper shape; that he found nothing to indicate that Alvis did not intend to pick up the load of peanuts on Friday; and found nothing to indicate that Alvis would have taken his own life. Mrs. Alvis presented a letter from her husband dated October 11th, written on hotel stationery, addressing her in endearing terms and stating that he was leaving for the west on the following day, and expressing the hope that he would be home the latter part of the following week.

The Virginia statute on which the claim is based (§ 65-7) provides that an injury is compensable if it is one occasioned by accident which arises out of and in the course of employment. Thus under the statute three elements must be proved: (1) An injury by accident; (2) the injury must have arisen out of the employment, and (3) it must have occurred in the course of employment.

The phrases "arising out of" and "in the course of" the employment are not synonymous. The words "arising out of" refer to the origin or cause of the injury while the words "in the course of" refer to the time, place and circumstances under which the accident occurred. *Bradshaw* v. *Aronovitch*, 170 Va. 329, 335, 196 S. E. 684; 71 C. J., Workmen's Compensation, § 396, p. 644.

We have held that an accident occurs "in the course of employment" when it takes place within the period of employment, at a place where the employee may reasonably be expected to be, and while he is reasonably fulfilling duties of his employment or is doing something reasonably incidental thereto. *Bradshaw* v. *Aronovitch*, *supra*, (170 Va., at p. 335); *Lasear, Inc.* v. *Anderson*, 99 Ind. App. 428, 192 N. E. 762, 765; 71 C. J., Workmen's Compensation, § 404, p. 659.

It is conceded by appellant that Alvis met his death through accidental means, and it is not seriously controverted that he was engaged in the course of his employment at the time. It is urged, however, that appellees have failed to meet the burden of proof showing the accident arose "out of" the employment.

It is generally held that the phrase "arising out of" the employment should receive a liberal construction in order to effectuate the

humane and beneficent purposes of the Act. 71 C. J., Workmen's Compensation, § 396, p. 644 and cases cited. Where the causative danger is peculiar to the work and incidental to the character of the business the injury is compensable. *Edelweiss Gardens* v. *Industrial Commission*, 290 Ill. 459, 125 N. E. 260.

In this instance the nature of Alvis' employment required him to be away from home and away from his employer's principal place of business. He was required to be on the road. The safety of his cargo, himself and other travellers demanded that he be rested and alert. In order to be fit for the responsible duties of his employment, it was necessary that he have sleep and rest. A hotel room had been provided by his employer for this purpose. Thus the master and servant relationship existed as Alvis was at the time engaged in and about his master's business. Larson's Workmen's Compensation Law, Vol. 1, pp. 384, 386; *Archibald* v. *Ott*, 77 W. Va. 448, 87 S. E. 791, 792; *Bradshaw* v. *Aronovitch, supra*, 170 Va., at p. 337, headnote 10.

The words "arising out of" mean there must be a reasonable causal connection between the employee's work and the resultant injury or death. A risk is incidental to the employment when it belongs to or is connected with what the employee has to do in fulfilling his contract of service. Such a risk may be incidental to the employment when it is either an ordinary risk directly connected with the employment or when it is an extraordinary risk which is only indirectly connected therewith, depending upon the special nature of the employment. *Thornton* v. *Hartford Accident & Indemnity Co.*, 198 Ga. 786, 32 S. E. 2d 816.

We held in the *Bradshaw* case (170 Va., at p. 336, headnote 9) that an injury sustained by an employee while engaged in the performance of an act essential to his personal comfort and convenience, but ultimately for the benefit of the employer, is compensable as arising out of and in the course of employment. See also Larson's Workmen's Compensation Law, Vol. 1, par. 21:00, p. 297; 58 Am. Jur., Workmen's Compensation, § 225, pp. 730, 731.

We have long since adopted the rule to the effect that where an employee is found dead as the result of an accident at his place of work or near-by, where his duties may have called him during the hours of his work, and there is no evidence offered to show what caused the death or to show that he was not engaged in his master's business at the time, the court will indulge the presumption that the

relation of master and servant existed at the time of the accident and that it arose out of and in the course of his employment. *Sullivan* v. *Suffolk Peanut Co.,* 171 Va. 439, 444, (headnote 6), 199 S. E. 504; *In re McNicol,* 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306.

In this instance there was no evidence tending to show that Alvis was upon any private mission of his own, and under such circumstances and in the absence of evidence to the contrary the presumption will be applied that he was engaged in his master's business and that the accident which caused his death arose out of and in the course of his employment.

On the record presented the Commission's evaluation of the evidence and its finding of fact are binding on us. *Rogers* v. *Williams,* 196 Va. 39, 82 S. E. 2d 601.

For the reasons stated the award is

*Affirmed.*