## Salem
### MEMORIAL HOSPITAL OF MARTINSVILLE AND HENRY COUNTY, et al.
### v.
### NELLIE MAE HAIRSTON
No. 1173-85

Decided August 19, 1986

COUNSEL

Karen A. Gould (Crews, Hancock & Dunn, on brief), for appellants.

Linda Davis Frith (Gentry, Locke, Rakes & Moore, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—Memorial Hospital of Martinsville and Henry County and the Virginia Insurance Reciprocal (hereinafter collectively referred to as "employer") appeal from a decision of the Industrial Commission awarding benefits to Nellie Mae Hairston for injuries received from a fall occurring at the hospital on October 10, 1984. We reverse that award.

Hairston, a housekeeping aide at the hospital, parked her housekeeping cart on a floor of the hospital in anticipation of going on a scheduled break. As she was walking toward the elevator, she stated that she "got approximately half way and my foot slipped and I lost my balance and fell down." As a result, Hairston fractured her right wrist. Although the tile floor was described as "shiny," and was washed and waxed periodically, there was no evidence that the condition of the floor caused or contributed to the fall. Additionally, there was no evidence that the fall was caused by any personal physical defect of Hairston's. Hairston offered no explanation for the fall, which was otherwise unwitnessed.

The deputy commissioner awarded benefits to Hairston. The full Commission affirmed that award. In so doing, the Commission implicitly recognized the existence of a presumption whereby injuries resulting from unexplained falls occurring in the course of the employment are compensable. We are asked to decide whether Virginia indulges such a presumption under the facts presented herein.

Hairston argues that in Virginia when an unexplained fall occurs in the course of employment the accident is presumed to have arisen out of and in the course of the employment, citing *Akers* v. *Virginia Maid Hosiery Mills, Inc.*, 57 O.I.C. 1, 3 (1975), and *Bell* v. *American Safety Razor Co.*, 60 O.I.C. 40, 42 (1981), as authority. The claimant contends that applying the presumption in an unexplained fall situation comports with the beneficent purpose of the Act by recognizing that an injury by accident occurring in the work place under circumstances in which the cause cannot be held attributable to either the employee's physical condition or a nonemployment related cause should be presumed to have been causally related or incidental to the employment environment. *Akers* dealt with a claimant who fell in the employer's parking lot, rendering her unconscious. The deputy commissioner concluded that the fall was "unexplained," and awarded benefits, stating:

> Virginia has consistently held that in the case of an unwitnessed fall or death on the employer's premises resulting from accident where there is no evidence to show the employee was not engaged in the employer's business and he is

in a place where he is reasonably expected to be, or his work reasonably required him to be, a presumption arises that the accident arose out of and in the course of his employment. *Southern Motor Lines* v. *Alvis*, 200 Va. 168, 104 S.E.2d 735 (1958); *Sullivan* v. *Suffolk Peanut Co.*, 171 Va. 439, 199 S.E.2d 504 (1938).

*Akers*, 57 O.I.C. at 3.

In *Bell*, the claimant "had bits of plastic, a waste material from the work product, imbedded in the soles of her shoes." *Bell*, 60 O.I.C. at 41. The floor onto which she fell also had small pieces of plastic lying on it. The opinion of the deputy commissioner does not state whether the claimant was rendered unconscious. In any event, the deputy commissioner found that the fall was the result of the presence of the waste products on the floor. In dicta, the deputy commissioner stated that even if the waste products were not the cause of the fall, the claimant could still recover under an unexplained fall theory. The opinion cited *Ashby* v. *Richmond Community Action Program, Inc.*, 52 O.I.C. 14 (1970), for support.

In *Ashby*, the claimant, a teacher's aide, was rendered unconscious by an unwitnessed fall. She had no independent recollection of the cause of the fall. The deputy commissioner's opinion, as in *Akers*, invoked the unexplained fall "presumption," citing *Southern Motor Lines* and *Sullivan*. The claimant was awarded compensation.

■ The *Akers* and *Ashby* opinions, in citing to *Southern Motor Lines* and *Sullivan*, ignored the fact that those two Supreme Court cases dealt with unexplained *deaths*, not mere falls. The *Southern Motor Lines* Court clearly stated the existing Virginia rule of law:

[W]here an employee is found *dead* as the result of an accident at his place of work or nearby, where his duties may have called during the hours of his work, and there is no evidence offered to show what caused the *death* or to show that he was not engaged in his master's business at the time, the Court will indulge a presumption that the relation of master and servant existed at the time of the accident and that it arose out of and in the course of the employment.

*Southern Motor Lines*, 200 Va. at 171-72, 104 S.E.2d at 738 (emphasis added).

The Supreme Court of Virginia recently recognized a clear distinction between unexplained death cases and other cases in *Metcalf* v. *A. M. Express Moving Systems*, 230 Va. 464, 339 S.E.2d 177 (1986). Metcalf, a truck driver, was inexplicably attacked as he slept in his parked vehicle in Alexandria. Metcalf sought compensation for his injuries, relying on a presumption that the unexplained assault arose out of the employment. The Supreme Court upheld the Commission's denial of compensation, and stated:

> Metcalf seeks to apply the presumption that we have approved in certain cases that if an employee is found dead at or near his place of work from an unexplained accident the accident will be presumed to have arisen out of and in the course of the employment. *See Southern Motor Lines*, 200 Va. at 171-72, 104 S.E.2d at 738; *Sullivan* v. *Suffolk Peanut Company*, 171 Va. 439, 444, 199 S.E. 504, 506 (1938). We do not here decide whether the presumption, *heretofore applied only where death resulted from unexplained accident*, shall be applied in any non-death case.

*Metcalf*, 230 Va. at 468-69, 339 S.E.2d at 180 (emphasis added).

The *Metcalf* court went on to find that the facts of that case did not meet the requirements of the presumption as outlined in *Hopson* v. *Hungerford Coal Co.*, 187 Va. 299, 305, 46 S.E.2d 392, 395 (1948), and *Baggett & Meador Cos.* v. *Dillon*, 219 Va. 633, 642, 248 S.E.2d 819, 824 (1978). For the presumption to apply, "there must be an absence of contrary or conflicting evidence . . . and the circumstances which form the basis of the presumption must be of sufficient strength from which the only rational inference to be drawn is that death arose out of and in the course of the employment." *Hopson*, 187 Va. at 305, 46 S.E.2d at 395.

Applying those guidelines to the facts of the instant case, we find that, under current Virginia law, Hairston is not entitled to rely upon a presumption to replace the affirmative burden of the claimant to prove that an accident and resulting injury arose out of the employment.

We do not here decide whether under different circumstances a presumption should be applied in a non-death case. We do note the distinction between the present case and *Akers* and *Ashby* in which the claimants were rendered unconscious due to the fall, and were unable to recall the details of the accident. We do not decide whether the presumption should be applied in such cases. Instead, our holding today recognizes that the claimant has the burden to establish a causal relationship between an industrial accident and injury and when the claimant, who is in a position of being able to explain the occurrence, fails to present evidence which establishes that the injury arose out of the employment the claim for compensation must be denied. The record before us indicates that Hairston was walking on a flat, level surface in a well-lighted area. The circumstances did not show that the fall resulted from any condition peculiar to the work environment,[1] or any physical condition afflicting Hairston.[2] Rather, she inexplicably wound up on the floor, injured but conscious. As in *Metcalf*, we conclude that the circumstances of the present case are not such that the only rational inference to be drawn is that the fall arose out of Hairston's employment.

We do not address the contention of employer that to apply the presumption in non-death cases would signal Virginia's acceptance of the "positional risk" doctrine and rejection of the currently applied "actual risk" test. We note that Virginia is firmly established as an "actual risk" state, *Baggett*, 219 Va. at 640, 248 S.E.2d at 823, but we need not, and do not, express an opinion as to whether the application of a presumption in any non-death case would be appropriate under the "actual risk" test. Instead, our holding is limited to the facts of this case, and under those facts, the presumption does not apply.

*Reversed.*

Coleman, J., and Moon, J., concurred.

---

[1] *Hercules, Inc.* v. *Stump*, 2 Va. App. 77, 80, 341 S.E.2d 394, 396 (1986).

[2] Such a finding would render the injury noncompensable due to its idiopathic nature. *See Winegar* v. *Int'l Telephone & Telegraph*, 1 Va. App. 260, 263, 337 S.E.2d 760, 761 (1985).