**Norfolk**

THOMAS NELSON LIMITED PARTNERSHIP

and

HARTFORD ACCIDENT & INDEMNITY COMPANY

v.

SANDRA A. FRITZ

No. 0026-89-1

Decided November 6, 1990

COUNSEL

Peter C. Manson, Jr. (Pender & Coward, P.C., on brief), for appellants.

Alan M. Salsbury, for appellees.

OPINION

**WILLIS, J.**—Thomas Nelson Limited Partnership, the employer, and Hartford Accident & Indemnity Company, its insurer, appeal the order of the Industrial Commission awarding workers' compensation benefits to Sandra A. Fritz by reason of the death of her husband, Maxwell Leroy Fritz, who died while employed at the Thomas Nelson Hotel in Norfolk. The appellants contend that the commission erred in affording the claimant the benefit of the presumption employed in *Southern Motor Lines Co. v. Alvis*, 200 Va. 168, 104 S.E.2d 735 (1958), and in finding that the death of her decedent arose out of his employment. We hold that the commission erred in applying the presumption, but we find that the evidence supports its award of benefits. Therefore, we affirm the award.

On December 29, 1987, Thomas Nelson Limited Partnership operated the Thomas Nelson Hotel in Norfolk. The hotel was located in an area frequented by vagrants and drifters who often entered and had to be forcibly removed from the premises. Maxwell Leroy Fritz, a former Norfolk deputy sheriff, was employed by the hotel as a maintenance engineer. His duties included making minor repairs, removing trash, maintaining security, and ejecting from the hotel people who were not authorized to be there either as registered patrons or as guests of patrons. The basement of the hotel was a particularly troublesome area. Once or twice a month the management found it necessary to summon the police to remove vagrants from it. For this reason, the basement doors were kept locked.

On December 29, 1987, Fritz reported to work at the hotel about 6:00 a.m. and went about his duties. At about 6:30 a.m., the desk clerk received a report of a malfunctioning sprinkler system and attempted to find Fritz, who had the only key to the boiler room where the shutoff valve to the sprinkler system was located.

Unable to locate Fritz, the desk clerk called the manager, and the fire department was summoned. Going to the basement they found the door to the boiler room padlocked from the outside. They cut off the lock and opened the door, finding Fritz unconscious on the boiler room floor. He had suffered severe head injuries from a blow with a cinderblock which was found nearby. He died the same day without regaining consciousness. His assailant was not found. An outside door leading from the hotel basement to a rear alley was found open, its frame torn from the masonry walls of the hotel. Nothing of value had been taken from the hotel or from Fritz's person. Robbery and burglary were excluded as motives.

The deputy commissioner found that the evidence sufficiently established that Fritz's death was the result of an accident arising out of and in the course of his employment. The deputy further found that the facts of the case supported the application of a presumption that the death arose out of Fritz's employment. On review, the full commission affirmed these determinations.

■ It is not disputed that at the time of his death Fritz was an employee of Thomas Nelson Limited Partnership and that his death resulted from an injury which he suffered while he was acting in the course of his employment. The issue is whether his death arose out of his employment.

In *Alvis*, the Supreme Court said:

> We have long since adopted the rule to the effect that where an employee is found dead as the result of an accident at his place of work or near-by, where his duties may have called him during the hours of his work, and there is no evidence offered to show what caused the death or to show that he was not engaged in his master's business at the time, the court will indulge the presumption that the relation of master and servant existed at the time of the accident and that it arose out of and in the course of his employment.

200 Va. at 171, 104 S.E.2d at 738.

In *Alvis*, a long distance truck driver, who was spending the night in a hotel in Georgia at the direction of his employer, was found dead at the bottom of an air shaft. He had fallen from the window of his hotel room for no apparent reason. Noting that

there was no evidence which supported an inference that the fall resulted from any reason not arising out of the driver's employment, the Supreme Court applied the foregoing presumption and affirmed an award in favor of the driver's survivors.

In *Hopson v. Hungerford Coal Co.*, 187 Va. 299, 46 S.E.2d 392 (1948), the employee had been sent to the employer's farm to cut corn. Several days later his body was discovered in the cornfield covered with cornstalks. He had been murdered by an escapee from a mental hospital. The claimant contended that there was no explanation for the murder and no evidence supporting an inference that the murder resulted other than from her decedent's employment. Citing *Sullivan*, she argued that the presumption should apply to support a determination that the death arose out of the decedent's employment. Rejecting this contention, the Supreme Court held that the unexplained murder could give rise to inferences that it resulted from causes other than the victim's employment, such as personal confrontation, robbery, or random viciousness by the mental patient. Therefore, the Court held the presumption inapplicable. *Id.* at 306, 46 S.E.2d at 394. In *Hopson*, the Court noted that although the presumption did not apply, the evidence could have supported an inference that the murder arose out of the victim's employment. *Id.* at 307, 46 S.E.2d at 395. However, it held that the Industrial Commission's finding that this had not been proven was a determination of fact which could not be disturbed on appeal. *Id.*

In *Baggett Transportation Co. v. Dillon*, 219 Va. 633, 248 S.E.2d 819 (1978), the Supreme Court discussed the relationship between *Hopson* and *Alvis*. In *Baggett*, a truck driver was shot and killed by a .22 caliber bullet while he was parked at a rest area. Evidence was presented that during the same weekend there had been several firings of .22 caliber bullets at this particular rest stop. Citing *Hopson*, the Supreme Court held that evidence supporting an inference that the injury was not work-related renders the *Alvis* presumption inapplicable. 219 Va. at 644, 248 S.E.2d at 826. The Court noted that the victim's death was not necessarily related to his employment as a truck driver since it could as well have resulted from a hazard to which anyone at the rest stop was equally exposed. *Id.*

*Metcalf v. A.M. Express Moving Systems, Inc.*, 230 Va. 464, 339 S.E.2d 177 (1986), involved a truck driver who was shot

while sleeping in his parked truck. Asserting that there was no explanation as to why he was shot, the driver contended that there was no evidence which would support an inference that the assault on him was not job related. He argued that the *Alvis* presumption should apply. He contended that application of the presumption should not be limited to incidents resulting in death, but should benefit employees who suffer injury from unexplained causes while in the course of their employment. Citing *Hopson* and *Baggett*, the Supreme Court rejected this argument. It held that the fact of the assault would support sundry inferences of causation, some not job related. Therefore, the *Alvis* presumption did not apply. *Id.* at 470, 339 S.E.2d at 181.

Fritz was assaulted in the basement of the hotel while engaged in his duties as an employee. The employer argues that he might have made enemies while serving as a deputy sheriff, that his assailant might have undertaken to rob him, or that the attack on him might have resulted from a confrontation of a personal nature. We agree. The evidence in this case does not support the *Alvis* presumption, and the commission erred in applying it.

However, the commission did not base its award solely on the *Alvis* presumption. It also found that "[t]here is a strong inference that Fritz encountered a vagrant in the hotel basement who attacked him when Fritz attempted to remove him from the premises. The only rational inference is that the death arose out of and in the course of the employment." This is the inference that the Supreme Court found to be missing in *Hopson*. *See Hopson*, 187 Va. at 307, 46 S.E.2d at 395. This inference is supported by the evidence and cannot be disturbed on appeal. Code § 65.1-98.

The award of the Industrial Commission is affirmed.

*Affirmed.*

Baker, J., and Barrow, J., concurred.