## CIRCUIT COURT OF THE CITY OF RICHMOND

Linda Evans

v.

Charles Sutton, Jr.

February 4, 1994

Case No. LW-1417-1

By Judge Melvin R. Hughes, Jr.

The question before the Court in this case is whether plaintiff's claim for damages against her employer is barred by the worker's compensation laws as her sole remedy at law.

Plaintiff was a physical therapist employed with the defendant, a physician. Her duties included providing physical therapy treatments to the doctor's patients. According to the motion for judgment, one such patient subjected plaintiff to unwelcome sexual advances, remarks and touchings, and defendant, despite knowing of these events, failed to protect plaintiff causing her severe emotional distress.

Of course, workers' compensation is available to a claimant for injuries caused by accident, arising out of employment and occurring during the course of employment. *E.g., Southern Motor Lines v. Alvis,* 200 Va. 168, 170 (1958).

"An accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." *R & T Investments v. Jones,* 228 Va. 249, 252 (1984). In an assault case, such as here, "the requisite nexus . . . is supplied, if there is a 'showing that the probability of assault was augmented either because of the peculiar character of the claimant's job or because the special liability to assault associated with the environment in which he must work'." *Id.* at 253 (citation omitted).

There is also § 65.2–301 which provides:

§ 65.2–301. *Victims of sexual assault.* — A. Any employee who, in the course of employment, is sexually assaulted, as defined in §§ 18.2–61, 18.2–67.1, 18.2-67.3, or § 18.2–67.4, and promptly reports the assault to the appropriate law-enforcement authority, where the nature of such employment substantially increases the risk of such assault, upon a proper showing of damages compensable under this title, shall be deemed to have suffered an injury arising out of the employment and shall have a valid claim for workers' compensation benefits.

B. Notwithstanding the provisions of this title, an employee who is sexually assaulted and can identify the attacker may elect to pursue an action-at-law against the attacker, even if the attacker is the assaulted employee's employer or co-employee, for full damages resulting from such assault in lieu of pursuing benefits under this title, and upon repayment of any benefits received under this title.

C. Nothing in this title shall create a remedy for sexual harassment, nor shall this title bar any action at law, that might otherwise exist, by an employee who is sexually harassed. (1982, c. 303, § 65.1–23.1; 1986, c. 395; 1988, c. 635; 1991, c. 355; 1992, c. 469.)

The (B) part of the statute is not implicated here because the defendant in this case is not alleged to be the attacker.

Virginia uses the "actual risk" test to determine whether an injury arises out of the employment. *Hill City Trucking v. Christian*, 238 Va. 735 (1989). Actual risk includes injury that is a natural incident of the work. It excludes an injury to which employment cannot be traced as a contributing factor and which comes about not as a hazard of employment, to which the worker would have been equally exposed apart from the employment. *Id.*

Here, the allegations support that the employer despite knowing the patient had made improper advances and touchings toward plaintiff in the past nevertheless required plaintiff to continue providing treatments to him. In *Plummer v. Landmark Communication*, 235 Va. 78 (1988), the Supreme Court upheld the employer's plea of workers' compensation in a case where the plaintiff, a newspaper carrier, was shot while working to collect her newspapers at a drop off site. The Court observed that:

when an employer knows of a hazard to which the employee is subjected, it is his duty to remove the hazard or in some other way to afford adequate protection to his employee.

*Id.* at page 87 (citation omitted). The *Plummer* rationale and § 65.2–301 apply here to make this plaintiff's remedy exclusive under workers' compensation. For these reasons, the defendant's plea of the Workers' Compensation Act is sustained.