COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


SENTARA HOME CARE SERVICES/
 SENTARA HEALTH SYSTEM AND
 CONTINENTAL INSURANCE COMPANY        MEMORANDUM OPINION[*] BY
                                    CHIEF JUDGE NORMAN K. MOON
v.   Record No. 0246-96-1                  JULY 2, 1996

DAISY GARLAND


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Colleen T. Dickerson (George J. Dancigers;
          Heilig, McKenry, Fraim & Lollar, P.C., on
          brief), for appellants.

          Jeffrey R. Russell (Jeffrey R. Russell, P.C.,
          on brief), for appellee.


     Sentara Home Care Services appeals from the decision of the

Workers' Compensation Commission awarding benefits to Daisy

Garland.  Sentara argues that Ms. Garland did not show that her

injury arose out of her employment.  We affirm the commission's

decision.

     At the time of her injury, Ms. Garland was a 55-year-old

certified nursing aide employed by Sentara Home Care Services.

She was assigned to care for Steven Glascow, a terminally ill

AIDS patient who resided in a trailer park in Norfolk.  Ms.

Garland had been instructed by her supervisor to assist Mr.

Glascow with any activities that he reasonably wished to perform.

 As part of their regular routine, Ms. Garland and Mr. Glascow

---

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

walked to the Junior Market, across Newtown Road from the trailer park.

On October 16, 1992, Ms. Garland and Mr. Glascow walked to the Junior Market for ice, a bottled drink, and chips. Mr. Glascow was supposed to use a walker, but did not wish to do so on this occasion. Because he was so weak, Ms. Garland supported him by walking with her left arm linked through his, and held the grocery bags in her right arm. They reached the median strip, and traffic was heavy so they had to wait. As they began to step off the median, Mr. Glascow leaned as if he were going to fall. Ms. Garland put down her grocery bags and grabbed Mr. Glascow so he would not fall into the street. Then, as Ms. Garland testified, "When I caught Steven, me stepping down, I twisted my foot. My foot went the opposite way and my knee went one way." Ms. Garland testified that had she not caught Mr. Glascow, he would have fallen.

After the accident, Ms. Garland continued to Mr. Glascow's trailer and immediately began experiencing "charley horses on the back of my leg." After three days of increasing symptoms, she was taken to the emergency room by a friend, where she was diagnosed with a partial impaction fraction of her femur and cartilage tears in her knee.

The commission's decision that an accident arose out of the employment involves a mixed question of fact and law and is thus reviewable on appeal. <u>Southside Virginia Training Center v.</u>

Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).  In reviewing the commission's factual findings, we view the record in the light most favorable to the claimant, as the prevailing party, and do not disturb the commission's findings so long as there is credible evidence to support them.  Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

To prove that the injury arose out of the employment, the claimant must show that a condition of the employment either caused or contributed to the fall.  County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 75 (1989).  The claimant must demonstrate "a causal connection between the conditions under which the work is required to be performed and the resulting injury."  Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 434, 437 S.E.2d 727, 729 (1993) (en banc) (quoting Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938)).

The commission found that Ms. Garland's evidence established Glascow's unsteadiness as the cause of her fall.  His unsteadiness required Ms. Garland to catch him as he stepped off the median, whereupon her "stepping down" caused her to "twist [her] foot" and her "foot went the opposite way and my knee went one way."  There is no dispute that accompanying her patient to the store and assisting him in maintaining his balance--activities that posed considerable physical risk--were within Ms. Garland's duties as a home care provider.  The commission's

- 3 -

factual findings were supported by credible evidence, and the commission did not err in concluding that a condition of Ms. Garland's employment contributed to her injury.

Sentara argues that this is an "unexplained fall" case, and asks us to rely on Memorial Hospital of Martinsville v. Hairston, 2 Va. App. 677, 347 S.E.2d 527 (1986), and other cases involving such falls. Sentara bases this argument on responses Ms. Garland gave to questions put to her by Sentara's counsel and the deputy commissioner. Taken in isolation, these statements suggest that Ms. Garland could not explain why she slipped and injured herself. However, taken as a whole Ms. Garland's testimony shows that she suffered her injury as the result of a difficult physical maneuver that she performed in order to protect her patient from harm. Thus, Ms. Garland explained her fall, and her explanation supports the commission's determination that her injury arose out of her employment.

In Memorial Hospital of Martinsville v. Hairston, a hospital employee who slipped on a flat, unobstructed floor in her employer's hospital was unable to explain the cause of her fall or to show that the cause was a risk of her employment. Hairston, 2 Va. App. at 682, 347 S.E.2d at 529. In Southside Virginia Training Center v. Shell, also cited by Sentara, the claimant was inattentive and slipped on stairs that posed no special risk of injury. Shell, 20 Va. App. at 203-04, 455 S.E.2d at 763-64. In both cases, we held that the claimant had not met

her burden of showing that the injury arose out of the employment.  In contrast, Ms. Garland established that her injury was caused by the special conditions of her employment.

For these reasons, we affirm the award.

<u>Affirmed.</u>