COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


CHARLES RAY WARLITNER (DECEASED),
 MARIE W. HALL, and RIVERSIDE
 HEALTHCARE ASSOCIATION, INC., t/a
 RIVERSIDE REGIONAL MEDICAL CENTER        MEMORANDUM OPINION[*]
                                               PER CURIAM
v.          Record No. 2958-96-1           MARCH 25, 1997

McDONALD'S McCOPCO NO. 05161/
 McDONALD'S CORPORATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Phillips M. Dowding, on briefs), for
              appellants.

              (Scott C. Ford; Midkiff & Hiner, on brief),
              for appellee.


     Charles R. Warlitner, deceased, by and through his sister,

Marie Hall, and Riverside Healthcare Association, Inc., t/a

Riverside Regional Medical Center, appeal a decision of the

Workers' Compensation Commission (commission) denying their

application alleging a February 23, 1995 injury by accident

resulting in Warlitner's death.  Appellants contend that the

commission erred in refusing to apply the presumption found in

Southern Motor Lines Co. v. Alvis, 200 Va. 168, 104 S.E.2d 735

(1958), that the injuries which resulted in Warlitner's death

arose out of his employment.  Finding no error, we affirm the

commission's decision.

     On appeal, we view the evidence in the light most favorable

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence established that on February 23, 1995, Warlitner worked for McDonald's Corporation (the restaurant) as a maintenance worker.  On the morning of February 23, 1995, when Warlitner reported for work, his duties required that he clean the restaurant's bathrooms and the cement floor of the corral.[1]  At approximately 8:15 a.m., Warlitner was found lying unconscious on his left side on the corral floor with his body near an empty soft drink tank.

Before discovering that he had been injured, Vangeline Mattison, the restaurant's assistant manager, had last seen Warlitner outside the restaurant preparing to take a bag of trash to the corral.  Mattison found the bag of trash by the back door to the restaurant.  Mattison denied that there was any grease on the ground in the corral area where Warlitner was lying.  Joann Gould, the restaurant's manager, testified that she did not observe any grease in the area where Warlitner was found.

Mattison testified that Warlitner had missed a day from work during the week before his accident.  She recalled that Warlitner had a cold and was coughing and breathing heavily at work.  Lori Staples, a manager trainee, recalled that on approximately

---

[1]The "corral" was an area behind the restaurant surrounded by a seven-foot high wooden fence where the restaurant stored its dumpsters, a large grease can, and empty soft drink canisters.  One of Warlitner's job duties was to take trash and empty soft drink canisters to the corral.

February 16, 1995, Warlitner complained of dizziness and had a bad cold.  Warlitner had a family history of heart attacks and aneurysms.

Gould, who rode with Warlitner in the ambulance to the hospital, stated that Warlitner did not appear to know why he had fallen.  Warlitner's physician diagnosed Warlitner as suffering from a traumatic brain injury with a brain contusion, hemorrhage, and a skull fracture.  Warlitner remained a patient in Riverside Regional Hospital until he died on March 20, 1995.  In an autopsy report, Dr. Faruk Presswalla reported the cause of Warlitner's death as a "[p]ulmonary embolus complicating basal skull fracture with cerebral contusion due to a fall."

Mattison, Gould, and Marie Hall visited Warlitner during his hospitalization.  Each of these witnesses stated that although Warlitner was conscious and able to communicate at times, he was never able to remember how the accident occurred.

The commission denied the application, finding that the evidence failed to show that a condition of Warlitner's workplace caused his injury or that the Alvis presumption applied.  Therefore, the commission concluded that the evidence failed to prove that Warlitner's injuries arose out of his employment.

A claimant must prove that an injury arose out of and in the course of his employment to qualify for any benefits under the Workers' Compensation Act.  See Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991).  "A 'critical link'

must exist between the conditions of the workplace and the injury in order for the injury to qualify as 'arising out of' the employment." Id. In this case, the cause of Warlitner's accident is unknown. As the commission noted, appellants could not point to any evidence which indicated that Warlitner's fall was caused by a risk of his employment. Therefore, only if appellants are entitled to a presumption that Warlitner's injuries arose out of his employment are they entitled to workers' compensation benefits.

> In Alvis, the Supreme Court held:
>> We have long since adopted the rule to the effect that where an employee is found dead as the result of an accident at his place of work or nearby, where his duties may have called him during the hours of his work, and there is no evidence offered to show what caused the death or to show that he was not engaged in his master's business at the time, the court will indulge the presumption that the relation of master and servant existed at the time of the accident and that it arose out of and in the course of his employment.

Alvis, 200 Va. at 171-72, 104 S.E.2d at 738 (emphasis added). In Pinkerton's, the Supreme Court held that the Alvis presumption is limited to death cases, and is not applicable to an unexplained accident case. Pinkerton's, 242 Va. at 381, 410 S.E.2d at 648.

We find that the commission correctly refused to apply the Alvis presumption. The presumption does not apply to a case such as this one, where Warlitner was not found dead at the scene of the accident, but rather died approximately one month later.

- 4 -

Because appellants' evidence did not as a matter of law sustain their burden of proving that Warlitner's injuries arose out of his employment, we affirm the commission's decision.

<u>Affirmed.</u>