COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia


SUPER FRESH FOOD MARKETS, INC./THE
 GREAT ATLANTIC AND PACIFIC TEA COMPANY
                              MEMORANDUM OPINION[*] BY
v.   Record No. 1354-97-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                   FEBRUARY 10, 1998
NANCY L. WORTMAN


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               S. Vernon Priddy, III (Sands, Anderson,
               Marks & Miller, on brief), for appellant.

               William A. Musto (Koonz, McKenney, Johnson,
               DePaolis & Lightfoot, on brief), for
               appellee.


     Super Fresh Food Markets, Inc./The Great Atlantic and

Pacific Tea Company ("employer") appeals from a decision of the

Workers' Compensation Commission ("commission") holding that

Nancy L. Wortman ("claimant") was injured in an accident arising

out of her employment.  For the following reasons, we reverse the

decision of the commission.

                              I.

     On September 20, 1995, claimant, who was employed as a

bookkeeper for employer, was walking down a three-step set of

stairs in the office area where she worked when she slipped and

fell.  At the time of her accident, claimant was in the process

of handling a Western Union transaction for a customer.  As a

_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

result of her fall, claimant sustained an injury to her ankle. In describing the accident, claimant stated that she slipped when the ball of her foot hit the metal edge of the step.[1] At the time of the accident, claimant was wearing rubber-soled shoes with "little, if any, tread."

The steps were tile with chrome edges. Claimant testified that she normally traversed this set of steps numerous times each day. She stated that she had slipped on the steps previously, but could not state what caused her to slip on those previous occasions. Claimant admitted that the step on which she slipped was not defective and that there was no foreign substance or debris on the step at the time she fell. She further admitted that she had never tested the skid resistant quality of the metal edging, and had never run her hand along the edging to see if it was slippery.

Safety Engineer Gregory Harrison performed an inspection of the steps on July 22, 1996. He testified that the steps had a "safe dimensional design," the edging complied with building code requirements for slick resistance, and that the metal edges "did not represent a slippery surface." He described the metal edging

---

[1] Claimant testified: "My foot slipped off of the slippery chrome and I fell to the floor." Employer objected to claimant's characterization of the chrome as "slippery." The deputy commissioner ruled that unless claimant "in fact, went back later and looked at it and can describe what it was that she described slippery, I'm just going to take it that . . . her foot slipped off the chrome ledge." Claimant did not thereafter testify that she inspected the chrome edge after her fall to see if it was, indeed, slippery.

as "a square edge as opposed to a rounded or beveled edge." Regarding the passage of time between the accident and his inspection of the steps, Harrison testified that, if anything, wear and tear would cause the steps to be more slippery when he inspected them.

Claimant presented evidence that others had slipped on this set of steps, but there was no evidence regarding the conditions under which these other incidents occurred.

The commission, in reversing the deputy commissioner, found that claimant proved that her "injury was caused by a risk of her employment, i.e., the slippery surface at the front edge of the step which caused her fall." Referring to the photographs of the step, the commission noted that the metal on the edge of the step was "smooth" and "slightly rounded." The commission did not reject Harrison's testimony, but rather found that it was not dispositive.

## II.

"The commission's decision that an accident arises out of the employment involves a mixed question of law and fact and is thus reviewable on appeal." Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

"The claimant ha[s] the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that she suffered an injury by accident which arose out of . . . the employment." Central State Hospital v. Wiggers,

3

230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). The claimant "must show that a condition of the workplace either caused or contributed to her fall." Shell, 20 Va. App. at 202, 455 S.E.2d at 763. This analysis "excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the [claimant] would have been equally exposed apart from the employment." R & T Investments, Ltd. v. Johns, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984).

In Shell, the claimant fell while traversing steps en route to retrieving a medical file. The commission awarded benefits, finding that the claimant was unaccustomed to the steps in the building where she fell and she was hurrying at the time she fell. Shell, 20 Va. App. at 202, 455 S.E.2d at 763. We prefaced our analysis in that case noting that "our inquiry must be whether credible evidence supports a finding that a defect in the stairs or a condition of [the claimant's] employment caused her to fall down the steps and injure herself." Id. at 203, 455 S.E.2d at 763 (emphasis added). In reversing the commission, we noted that there was no evidence that the claimant was being rushed by her employer to complete her task, and the steps on which she fell were not defective. Id. at 203-04, 455 S.E.2d at 763. See Memorial Hospital v. Hairston, 2 Va. App. 677, 679, 347 S.E.2d 527, 527 (1986) (finding claimant not entitled to benefits where, despite claimant's testimony that "my foot slipped and I lost my balance and fell down," there was no evidence that the

4

condition of the surface on which she fell contributed to the fall).  Cf. Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 572, 159 S.E.2d 633, 636 (1968) (finding that claimant's injury arose out of her employment where the steps on which she was injured were unusual, "slightly higher than normal").

The uncontroverted evidence was that the step from which claimant fell was not defective.  The commission noted that it was "uncontested that there was no water, oil, or other slippery substance on the steps."  There was also no evidence that the accident was caused by claimant being rushed, or as a result of some other facet of her job responsibilities.  Cf. Marion Correctional Center v. Henderson, 20 Va. App. 477, 480-81, 458 S.E.2d 301, 303 (1995) (finding that correctional officer was exposed to an increased risk of slipping and falling on steps because of his "duty to observe the guard towers and provide security at the facility").

The commission found "claimant's testimony that the smooth, rounded edge of the metal strip caused her slip and fall" to be persuasive; however, claimant never testified that her fall was due to "the smooth, rounded edge of the metal strip."  Indeed, claimant admitted that she never inspected the step to ascertain whether the metal edge was, in fact, slippery.  Accordingly, in the absence of credible evidence that claimant's accident arose out of her employment, the ruling of the commission is reversed and the claim dismissed.

5

<u>Reversed and dismissed.</u>

Annunziata, J., dissenting.

I respectfully dissent from the majority opinion.

As the majority notes, the question of whether claimant's accident arises out of her employment "involves a mixed question of law and fact and is thus reviewable on appeal." Southside Virginia Training Center v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995). In addressing a mixed question of law and fact, however, we must separate the issue of fact from the issue of law. See Stenrich Group v. Jemmott, 251 Va. 186, 192, 467 S.E.2d 795, 798 (1996). Although we review de novo the commission's application of law to the facts, "we must defer to the factual findings of the commission." Roanoke Belt v. Mroczkowski, 20 Va. App. 60, 68, 455 S.E.2d 267, 271 (1995) (citing Franklin Mortgage Corp. v. Walker, 6 Va. App. 108, 110-11, 367 S.E.2d 191, 193 (1988) (en banc)).

Findings of the commission with respect to the factual portion of a mixed question of law and fact "will not be disturbed on appeal, if based on credible evidence." Roberson v. Whetsell, 21 Va. App. 268, 270, 463 S.E.2d 681, 682 (1995) (citing Hercules, Inc. v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991)). On appeal, we review the evidence in the light most favorable to the party prevailing below. Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 123 (1997) (citing R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990)). As an appellate body,

7

"[w]e do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses." Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983).

In this case, the commission determined that "claimant's injury was caused by a risk of her employment, i.e., the slippery surface at the front edge of the step which caused her fall." The commission's conclusion that "claimant's injury was caused by . . . the slippery surface at the front edge of the step" is a factual question, which we may review only to determine if it is based on credible evidence. Roberson, 21 Va. App. at 270, 463 S.E.2d at 682 (citing Gunther, 13 Va. App. at 361, 412 S.E.2d at 187).

The record shows that competent, credible evidence supports the commission's decision. Claimant's testimony regarding the occurrence specifically identified "the slippery chrome" edging on the stairs which caused her to slip. Furthermore, she testified that she had slipped and fallen on the stairs on four separate occasions prior to the injury sustained in this case. Her testimony was buttressed by Mary Aldaya, a co-worker of the claimant who frequently used the same stairs for at least six months. Aldaya testified that, in using the stairs, her "foot went off the metal strip . . . . It slipped right off the edge." She also testified that the store manager, Kyle Wetsel, had warned her that the stairs were slippery and that she should

8

exercise care when using them.  Finally, the commission had before it several photographs that had been admitted into evidence showing the stairs and the metal edging which claimant testified caused her to slip, and the rubber-soled shoes claimant was wearing on the date she fell.

The existence of conflicting testimony before the commission on causality does not detract from the force of the commission's findings of fact.  Caskey, 225 Va. at 411, 302 S.E.2d at 510-11.  In addition, although the safety engineer who inspected the steps after the incident stated his opinion that the edging "did not represent a slippery surface," the commission was free to accord his testimony whatever weight it felt appropriate, in light of the other evidence it had before it.  Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668-69 (1997) (en banc).  The other evidence before the commission included the engineer's testimony that no portable machine reliably tests the coefficient of friction and that therefore he based his opinion on a "qualitative" approach of "feeling" the metal in light of his knowledge of the "feel" of certain coefficients of friction.

Turning to the legal portion of the mixed question of law and fact, I would hold that the commission properly applied the law to the facts.  Virginia law, including the cases cited by the majority, clearly provides that an injury caused by stairs that are defective in some way arises out of employment.  County of Chesterfield v. Johnson, 237 Va. 180, 186, 376 S.E.2d 73, 76

9

(1989); Richmond Memorial Hosp. v. Crane, 222 Va. 283, 286, 278 S.E.2d 877, 879 (1981); Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 569, 572, 159 S.E.2d 633, 634, 636 (1968); Shell, 20 Va. App. at 203, 455 S.E.2d at 763; Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989); Memorial Hosp. v. Hairston, 2 Va. App. 677, 682, 347 S.E.2d 527, 529 (1986). As the majority recognizes, "our inquiry must be whether credible evidence supports a finding that a defect in the stairs . . . caused [claimant] to fall down the steps and injure herself." Shell, 20 Va. App. at 203, 455 S.E.2d at 763. The slippery stairs, which caused claimant's fall, constitute a defect within the meaning of these cases.

For the foregoing reasons, I dissent.