COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Agee and Senior Judge Coleman
Argued at Salem, Virginia


MARY LEE FRANCES KEENE, ADMINISTRATOR
 OF THE ESTATE OF HARRISON KEENE,
 DECEASED
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2641-00-3           JUDGE G. STEVEN AGEE
                                         MAY 22, 2001
THERESA M. BOOTHE, t/a
 P & C PAINTING AND
 UNINSURED EMPLOYER'S FUND


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Paul G. Beers (Jerry L. Falwell, Jr.; Glenn,
        Feldmann, Darby & Goodlatte, on briefs), for
        appellant.

        Robert L. Walker, Assistant Attorney General
        (Mark L. Earley, Attorney General; John J.
        Beall, Jr., Senior Assistant Attorney
        General, on brief), for appellee Uninsured
        Employer's Fund.

        No brief or argument for Teresa M. Boothe,
        t/a P & C Painting.


     Mary Lee Frances Keene (the claimant) filed a claim for

death benefits against Theresa M. Boothe, t/a P & C Painting

(P&C) on September 13, 1999 with the Virginia Workers'

Compensation Commission (commission) as a result of the drowning

death of her husband, Harrison Keene (Keene), on April 27, 1999.

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

After an evidentiary hearing, Deputy Commissioner Herring denied the claim finding P&C had an insufficient number of employees to bring it under the jurisdiction of the Virginia Workers' Compensation Act (the Act). The claimant appealed the decision to the full commission.

In a review opinion, dated October 20, 2000, the full commission affirmed the denial of benefits, but on different grounds. While finding that it had jurisdiction to consider the matter, the commission also found that the accident did not occur during the course of Keene's employment with P&C and, therefore, was not a compensable claim.

Both the claimant and the Uninsured Employer's Fund (Fund) noted an appeal. As P&C was uninsured, the Fund would be liable for an award in favor of the claimant in accordance with Code § 65.2-1203. The claimant challenges the commission's decision that her husband's death did not occur during the course of his employment. The Fund challenges the commission's assertion of jurisdiction.[1]

For the following reasons we affirm the commission's decision.

_____

[1] The Fund withdrew its separate appeal, assigning as cross-error, as an appellee in this appeal, the commission's finding as to jurisdiction.

-

## I.  BACKGROUND

P&C's 1998 payroll records reflect that nine people were paid by the business during that calendar year.  The records reflect that P&C paid three people for the week ending September 18, 1998.  All other weeks reflect payment to either one or two employees.  The 1999 payroll records showed payments to three people:  Keene, Mike Nichols and Edward Woolridge.  While Keene and Nichols were paid over several months, Woolridge was paid once on January 15, 1999.

While the payroll records only mention those three employees, Paul Boothe (Boothe), the former owner of the company, regularly represented P&C by providing customers with estimates for jobs, negotiating contracts, supervising jobs and doing some painting.  Boothe admitted that he cancelled P&C's Workers' Compensation insurance without the owner's knowledge because he did not think the firm needed the coverage.  He affirmed the owner, his ex-wife, was the boss and directed his actions, although he did not always follow her instructions.  Boothe disclaimed any ownership interest in P&C and testified P&C paid for his expenses in cash but he was not on the payroll.

P&C employed Keene as a painter and as Boothe's driver.  Keene would routinely pick up Boothe and take the "work van" to the job site.  He did so on the date of his death, April 27, 1999, when Keene fell from a boathouse/deck complex on Smith Mountain Lake and drowned.

-

The property where Keene was working when he died was Edward Waters' private residence. Waters had previously used P&C to paint some of his commercial property with Boothe having acted as P&C's agent for those jobs. Waters had asked for and received a certificate of Workers' Compensation insurance when P&C began doing work on his commercial properties showing coverage through May 28, 1999.

According to Waters, he hired P&C to paint the boathouse at his private residence, again making arrangements with Boothe, who provided a written estimate on P&C letterhead.

Boothe nonetheless testified that he and Waters had reached a subsequent oral agreement when Boothe related that he and Keene could do the work for less than P&C would charge. According to Boothe, he and Keene were to split what money was left after material costs were covered. Boothe also claimed P&C's owner was not aware that Boothe and Keene were painting this property as a "side job" despite the P&C van being driven to the site and the use of P&C equipment. At the completion of the boathouse job, Waters paid Boothe in cash. Boothe then paid the claimant with a personal check.

At the accident scene, Boothe informed the investigator that he and Keene were employees of P&C. In addition, OSHA cited and fined P&C for the accident.

-

## II.  ANALYSIS

### A.  Jurisdiction

The Fund challenges the commission's finding that it had jurisdiction to consider the claim.  The Fund argues that P&C did not fall under the authority of the Act because it did not "regularly" employ three persons at the time of the accident. We disagree.

> "'Employee' means . . . [e]very person . . . in the service of another under any contract of hire or apprenticeship, written or implied, except . . . one whose employment is not in the usual course of the trade, business, occupation or profession of the employer."  Both full-time and part-time employees who are regularly employed to carry out the trade or business of the employer must be counted in determining the number of employees "regularly in service" to the employer.  "Any person hired by the employer to work in the usual course of the employer's business is an 'employee' under the Act regardless of how often or for how long he may be employed."  The number of employees regularly in service of the employer is the number "used to carry out the established mode of performing the work of the business . . . even though the work may be recurrent instead of constant."

Smith v. Hylton, 14 Va. App. 354, 356, 416 S.E.2d 712, 714 (1992) (citations omitted).

The commission found that the firm did employ three or more persons at the time of the accident, and on appeal we view the evidence in the light most favorable to the claimant, who prevailed on this issue below.  Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998).  "'"Decisions

-

of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court."'" Id. at 673, 508 S.E.2d at 340 (citations omitted).

It is the employer's burden (here, the Fund's burden) to produce sufficient evidence upon which the commission can find that the employer employed fewer than three employees regularly in service in Virginia and that it is thus exempt from the Act. Craddock Moving & Storage Co. v. Settles, 16 Va. App. 1, 2, 427 S.E.2d 428, 429 (1993), aff'd per curiam, 247 Va. 165, 440 S.E.2d 613 (1994). Here, the employer failed to meet this burden.

We hold the commission's finding that P&C regularly employed three employees in April 1999 to be supported by credible evidence. Payroll records show that P&C paid both Keene and Nichols from February 26 through April 30, 1999. Additionally, while the payroll records do not reflect payments to him, the firm employed Boothe. Boothe worked 40 hours per week negotiating, supervising and painting; he was reimbursed by the firm for his expenses; he used without charge the firm's vehicle, driver and equipment; he took direction from Theresa Boothe, the firm's owner; he was perceived as an employee and agent of P&C by clients such as Waters; his name and telephone number appeared on P&C business cards; and he informed the investigating officer that he and Keene were employees of P&C.

-

Under these circumstances we are persuaded that an implied contract to pay wages or reimbursement existed between Boothe and P&C, and the commission's finding of a third employee is thus supported. We find this case distinguishable from Charlottesville Music Center, Inc. v. McCray, 215 Va. 31, 205 S.E.2d 674 (1974), cited and relied on by the Fund. In McCray, fifteen-year-old Jeffrey McCray stopped in at the Charlottesville Music Center to help a friend, who had a summer job at the store, install shelving. While the owner of the Music Center knew McCray was present, he had not agreed to pay the boy for his efforts. Id. at 35-36, 205 S.E.2d at 678.

McCray was killed as he assisted in the shelving project, and his administrator sued the store for death benefits under the Act. The Supreme Court of Virginia affirmed the trial court's conclusion that McCray was not an "employee" within the meaning of the Act and therefore the administrator could not recover benefits. The Supreme Court held that McCray was not an employee because no "implied contract of hire" existed between the decedent and the store. Id. at 35, 205 S.E.2d at 678.

The Court held that an "implied contract of hire" may be presumed from the circumstances surrounding the parties' working relationship:

> An implied contract of hire exists where one
> party has rendered services or labor of
> value to another under circumstances which
> raise the presumption that the parties
> intended and understood that they were to be

-

> paid for, or which a reasonable man in the
> position of the person receiving the benefit
> of the services or labor would or ought to
> know that compensation or remuneration of
> some kind was to be exchanged for them.

Id. The circumstances surrounding McCray's voluntary passing presence at the Music Center did "not permit a presumption that decedent and defendant, by their conduct, intended that decedent would be paid for his work." Id. at 35-36, 205 S.E.2d at 678. The circumstances in this case, as set out above, however, do permit such a presumption. Finding Boothe to be a third employee of P&C, the commission correctly found it had jurisdiction in this matter.

B. Compensable Accident Occurring During Employment

The commission found as a fact that the boathouse job was not performed under a contract between Waters and P&C, but was instead a direct contract between Keene and Boothe (as the vendor) and Waters (as the vendee). Having found that Keene was not engaged in P&C work at the time of the accident, the commission accordingly held Keene's death did not occur during the course of employment with P&C and was therefore not compensable. Bound by basic principles of appellate review, we must affirm the commission's decision.

An injury is compensable under the Act if it results from an accident and arises out of and in the course of the claimant's employment. Code § 65.2-101. The requirement that the injury be "arising out of" employment pertains to the origin or cause

-

of the injury.  Combs v. Virginia Electric & Power Company, 259 Va. 503, 509, 525 S.E.2d 278, 282 (2000).  In contrast, the requirement that the injury arise "in the course of employment" refers to the time, place and circumstances under which the accident occurred.  Id. at 511, 525 S.E.2d at 283.  "An accident occurs in the course of employment when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto."  Id. (citing Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938)).

The determination of whether Keene's death arose out of and in the course of his employment is a mixed question of law and fact.  See Norfolk Community Hosp. v. Smith, 33 Va. App. 1, 4, 531 S.E.2d 576, 578 (2000).  We review mixed questions of law and fact de novo.  Fairfax County Sch. Bd. v. Rose, 29 Va. App. 32, 37, 509 S.E.2d 525, 527 (1999).  However, the claimant urges a broad scope of de novo review that essentially asks this Court to make new findings of fact as opposed to applying the law to historical fact as determined by the commission.  While distilling mixed questions of fact and law can be a murky business, we are not at liberty to retry factual findings on appeal.  See Roanoke Belt, Inc. v. Mroczkowski, 20 Va. App. 60, 68, 455 S.E.2d 267, 271 (1995).

-

The claimant argues that the commission should have accorded her a presumption that Keene died during the course of his employment based on the rule established in <u>Southern Motor Lines Co. v. Alvis</u>, 200 Va. 168, 171, 104 S.E.2d 735, 738 (1958):

> Where an employee is found dead as the result of an accident at his place of work or nearby, where his duties may have called him during the hours of this work, and there is no evidence offered to show what caused his death or to show that he was not engaged in his master's business at the time, the Court will indulge the presumption that the relation of master and servant existed at the time of the accident and that it arose out of and in the course of his employment.

This claim fails on two grounds.

First, assuming we could ignore the factual findings of the commission that Keene was working a "side job" at the time of his accident, the <u>Alvis</u> presumption cannot be applied where there is any evidence to show Keene "was not engaged in his master's business at the time." <u>Id.</u> at 171, 104 S.E.2d at 738. Here, there clearly was evidence in the record (Boothe's testimony that he and Keene were working a "side job") that Keene was not engaged in P&C business at the time of his death. Accordingly, the <u>Alvis</u> presumption is not available. <u>See</u> <u>Thomas Nelson Ltd. Partnership v. Fritz</u>, 11 Va. App. 269, 397 S.E.2d 891 (1990).

Moreover, while Keene was an ongoing employee of P&C, according to the testimony of Boothe, Keene was not engaged in

-

P&C's employ at the time of the accident. The commission found as a fact that he was engaged in a "side job" essentially as an independent contractor. We cannot set aside this finding of historical fact as it is supported by credible evidence in the form of Boothe's testimony and the uncontradicted evidence of the method of payment by Waters to Boothe and then Boothe to the claimant. While this Court may have reached a different conclusion based on the evidence, as the concurring opinion reflects, we cannot substitute our judgment on appeal for that of the trier of fact as to the weight of the evidence and witness credibility when reviewing its findings of fact. Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996). Since Keene was not on P&C business at the time of his death, the Alvis presumption cannot apply.

The claimant also argues that the commission's factual determination as to whether the boathouse job belonged to P&C or Keene and Boothe individually is not binding on this Court as there is no credible evidence in the record to support that finding. We must disagree.

We cannot hold, as a matter of law based on the record, that there is no credible evidence to support the commission's finding. While we may question the commission's conclusions, as the concurring opinion reflects, there was direct evidence from Boothe verifying the nature of the boathouse work as a side job. There was no direct testimony to contradict Boothe's version

-

which was further supported by the method of payment.  We cannot say as a matter of law that Boothe's testimony was inherently incredible and, therefore, we are bound by the commission's finding of fact that the boathouse job was not a P&C contract.

Since Keene was not in P&C's employ at the time of the accident, the commission did not err in determining the accident was not compensable as the death did not arise out of and in the course of employment with P&C.

The decision of the commission is affirmed.

<u>Affirmed.</u>

-

Coleman, J., concurring.

Although I am obliged to concur in the majority holding that credible evidence supports the commission's factual finding that the job to paint Edward Waters' boathouse was a "side job" entered into between Paul Boothe and Edward Waters, I write separately to express my view that on this record the commission has unjustly permitted Theresa M. Boothe, t/a P & C Painting and Paul Boothe to avoid their responsibility under the Workers' Compensation Act for the death of their employee, Harrison Keene. Admittedly, the testimony of Paul Boothe, if believed, which obviously the commission accepted, would prove that Keene was not working on a job for P&C when he died in a work-related accident. However, had I been the fact finder, in my view, a preponderance of the evidence proved that Keene died while working for P & C Painting, and not while working independently for Paul Boothe. I feel compelled to write separately on this occasion to express to the commission my concern for the unjust result, in my opinion, occasioned by their fact finding role in this case.

The evidence makes clear, and the commission obviously found, that Paul Boothe, the former owner of P & C Painting, and the former husband of Theresa Boothe, the ostensible owner of P & C Painting, was an employee and agent of P & C Painting. Despite Paul Boothe's effort to have P&C's financial records reflect that he received no financial gain from P&C and that he

-

did not work for P&C but merely volunteered his extensive services in obtaining business for P&C and performing daily management and labor responsibilities, the commission obviously did not believe Paul Boothe as to whether he was an employee of P&C. The evidence makes clear, and the commission so found, that Boothe was an employee of P&C despite his efforts to make it appear that he was not an employee. The obvious reason that Boothe was attempting to exclude himself as an employee was to avoid P&C's responsibility of being required to provide workers' compensation insurance under the Workers' Compensation Act. Boothe admitted that he canceled P&C's workers' compensation insurance without Theresa Boothe's knowledge because he did not think that P&C needed the coverage. On these facts, the commission rejected, as not credible, P&C's evidence that Boothe was not an employee of P&C.

As to whether Keene's death occurred while working for P&C or while he was performing an independent "side job" with Paul Boothe, the evidence is equally compelling, in my opinion, that Boothe was attempting to also avoid P&C's responsibility of having Keene's death covered by the Act when he testified that the Waters' job was a "side job." Obviously, the commission, as fact finder, believed Boothe that the work was a "side job," and the commission believed this despite Paul Boothe's other transparent attempts to avoid responsibility under the Act and despite Edward Waters' testimony that he hired P & C Painting,

-

with whom he had done business before, to paint the boathouse. As fact finder I would have rejected Paul Boothe's testimony that he had accepted the Waters' job on a personal basis at a lesser price than what his employer, P & C Painting, would have done the job and that he did so using P&C's van and equipment, all of which was unknown to and contrary to the business interest of his employer and former wife for whom he was performing duties like a full-time employee/foreman on a "volunteer" basis. Moreover, the fact that Paul Boothe paid Keene's widow, after the fact, the wages to which Harrison Keene would have been entitled, a fact that the commission relied upon to believe Paul Boothe, is scant evidence, in my opinion, upon which the commission should have relied to believe Paul Boothe that he and Keene were performing a "side job."

My oath requires that I give deference to the commission's factual finding, but had I been the trier of fact I would have concluded that Harrison Keene died as the result of an accident that arose out of and during the course of his employment with P & C Painting and that he was not performing a "side job" with Paul Boothe.

-