554 S.E.2d 685

Alice J. GALLAHAN

v.

**FREE LANCE STAR PUBLISHING COMPANY**
and Hartford Fire Insurance Company.

**Record No. 3072–00–3.**

Court of Appeals of Virginia.

Nov. 13, 2001.

Peter M. Sweeny, Chantilly, for appellant.

Roger L. Williams (Lauren M. Ebersole; Williams & Lynch, on brief), for appellees.

Present: BENTON and ANNUNZIATA, JJ., and COLEMAN, Senior Judge.

ANNUNZIATA, Judge.

The appellant, Alice J. Gallahan, appeals from a decision of the Workers' Compensation Commission denying her temporary total disability benefits after November 1, 1999. The commission found that Gallahan refused light-duty employment when she retired from her position and failed to cure her unjustified refusal of selective employment within the statutory period under Code § 65.2–510(C). For the reasons that follow, we reverse and remand for an award of compensation consistent with this opinion.

*BACKGROUND*

■ On appeal, we view the evidence in the light most favorable to the employer, the party prevailing before the commission. *Great Eastern Resort Corp. v. Gordon,* 31 Va. App. 608, 610, 525 S.E.2d 55, 56 (2000). Gallahan was injured in a work-related accident on February 28, 1996, while in the employ of Free Lance Star Publishing Company (employer) as a clerk in the accounting department. The employer and the insurer, Hartford Fire Insurance Company, accepted the accident as compensable, and the commission entered an award for benefits compensating Gallahan for temporary total disability from March 7, 1996 through March 12, 1996.

Gallahan's treating physician, Dr. John W. Johnson, noted in her medical file: "I see no evidence of acute injury ... she may try returning to work tomorrow." He then authored a "sick certificate," which provided that Gallahan "may return to work on 3–13–96". The physician placed no restrictions or limitations upon her return to work. On March 13, 1996, Gallahan returned to her pre-injury position at full wages. The employer, however, voluntarily made some accommodations. Gallahan was no longer required to, nor did she in fact, perform certain aspects of the job, including carrying bags of coins from a storage area to her workplace or carrying receipts and other documents to other departments within the building.

In addition, Gallahan requested a reduced schedule for three days and subsequently provided a doctor's note confirming the need for shorter hours from March 13 to 15, 1996. The doctor's note did not address any period except those three days. Gallahan worked full time from March 15 until she retired. The commission found that Gallahan "relied upon at least one crutch between March 13 and April 12, 1996, and she attended an office visit of April 9, 1996 using both crutches and her physician recommended that she remain on crutches."

On May 1, 1996, Gallahan retired from her position. On September 21, 1999, she filed a claim for benefits based on a change in condition, seeking temporary total disability benefits

for the period beginning September 16, 1999, and continuing. The deputy commissioner entered an award granting temporary total disability benefits from September 16, 1999 through November 1, 1999, and December 28, 1999 and continuing. The deputy commissioner ruled that, because Gallahan retired when "she was in a full duty status," she "was potentially entitled to continuing benefits" while partially disabled. He found, however, that she had not marketed her residual capacity between November 2, 1999 and December 27, 1999. Both parties sought review of the deputy commissioner's opinion.

The full commission issued an opinion dated November 30, 2000, granting temporary total disability benefits from September 16 through November 1, 1999, because Gallahan was totally incapacitated during that period, but denying temporary total disability benefits after November 1, 1999, because it found that Gallahan unjustifiably refused light-duty employment by retiring in 1996.

It is from the full commission's reversal of the deputy commissioner's opinion that Gallahan appeals.

## *ANALYSIS*

Code § 65.2–510(A) states:

If an injured employee refuses employment procured for him suitable to his capacity, he shall only be entitled to benefits provided in §§ 65.2–503 and 65.2–603, ..., during the continuance of such refusal unless in the opinion of the commission such refusal was justified.

■■■ An employer seeking to terminate compensation benefits based on refusal of selective employment must establish "(1) a *bona fide* job offer suitable to the employee's capacity; (2) procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job." *Hillcrest Manor Nursing Home v. Underwood,* 35 Va.App. 31, 37, 542 S.E.2d 785, 788 (2001) (quoting *Ellerson v. W.O. Grubb Steel Erection Co.,* 1 Va.App. 97, 98, 335 S.E.2d 379, 380 (1985)). An employer may meet its burden "by producing evidence that it offered [the employee] selective employment

approved by [the employee's doctor.]" *American Furniture Co. v. Doane,* 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985). We hold that the commission erred in finding that the employer satisfied the first element of Code § 65.2–510(A), and we therefore reverse.

Whether the employer offered Gallahan a position of suitable selective employment is a question of fact. "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." *Allen & Rocks, Inc. v. Briggs,* 28 Va.App. 662, 672, 508 S.E.2d 335, 340 (1998). "But if there is no credible evidence on which the Commission's findings of fact are based, such findings are not binding upon this Court and the question then presented is one of law." *Conner v. Bragg,* 203 Va. 204, 207, 123 S.E.2d 393, 395 (1962) (citations omitted).

Employer contends that its modification of Gallahan's work duties constitutes credible evidence that the employer offered her suitable employment. We disagree.

The employer relies on a misreading of a decision by the commission to support its position. *See Previs v. Steve Previs Plastering Contractors,* 67 O.I.C. 32 (1988). In *Previs,* the commission stated that an employer may meet its burden of showing that the position offered is within the employee's residual capacity "either by producing evidence that the treating physician has approved the selective employment or by producing evidence which establishes that the proffered job obviously fits the employee's limitations." *Id.* at 2.[1] Although the employer correctly asserts that an employer may meet its burden by showing that the job fits the employee's limitations, the Virginia Supreme Court has mandated that those limitations be defined by medical opinion. *Talley v. Goodwin Bros. Lumber Co.,* 224 Va. 48, 52, 294 S.E.2d 818, 820 (1982) ("[T]he

---

**1.** The employer argues that *Previs* does not require that a physician impose the limitations. While it is true that the commission did not expressly state that the limitations must be imposed by a physician, it cites *Talley v. Goodwin Bros. Lumber Co.,* 224 Va. 48, 52, 294 S.E.2d 818, 820 (1982), which established that proposition.

tender of limited employment must necessarily be based upon informed medical opinion.").

In *Talley*, the doctor specifically reported that "Talley cannot return to his old job" and noted that he "would not want his hand with the finger sticking out near any machinery, or in work that would involve carrying objects of over ten pounds with both hands, pushing, pulling, or climbing." *Id.* at 51, 294 S.E.2d at 820. The Court stated generally that "prior medical approval is required" to demonstrate an offer of selective employment, but created an exception "*where the attending physician has specified the limitations in detail and it is obvious that the proffered job fits these limitations.*" *Id.* at 52, 294 S.E.2d at 820–21 (upholding the commission's finding of an offer of selective employment where the employer modified the claimant's duties to meet the limitations set out by his treating physician) (emphasis added); *see also American Furniture Co.*, 230 Va. at 43, 334 S.E.2d at 550 (finding employer met burden of demonstrating that offered employment was within employee's residual capacity because the employment was approved by claimant's surgeon); *Klate Holt Co. v. Holt*, 229 Va. 544, 546, 331 S.E.2d 446, 447 (1985) (finding physician's approval of light-duty employment met requirement that employer procure employment "suitable to her physical capacity"). Therefore, to carry its burden of proving an offer of suitable employment, an employer must demonstrate to the commission that the position offered is approved by, or complies with the advice, directive or opinion of, the claimant's medical provider.

█ In this case, we find no credible evidence linking the employer's accommodations to medical advice, directive or opinion. To the contrary, Gallahan's treating physician, Dr. John W. Johnson, authored a "sick certificate" that provided only that Gallahan "may return to work on 3–13–96". He did not place any restrictions or limitations upon her return to work with which the employer could comply. The evidence proved that Gallahan returned to her pre-injury employment at her pre-injury wages and without restrictions from her

doctor. Any accommodations offered by the employer were voluntary and therefore do not meet the requirements for proving selective employment. *Talley,* 224 Va. at 52, 294 S.E.2d at 820 (holding that selective employment must be based upon informed medical opinion). In short, the commission incorrectly based its conclusion that the employer offered light-duty employment on the employer's own assessment of Gallahan's inability to perform her duties.

Because we find no credible evidence to support the commission's determination that the employer offered Gallahan selective employment based on an informed medical opinion, the commission could not properly conclude that Gallahan refused such an offer. We reverse and remand for entry of an award of compensation in accordance with this opinion.

*Reversed and remanded.*