COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Beales
Argued at Richmond, Virginia


FREDDIE LINCOLN CLIFTON, JR.,
  THE ESTATE OF FREDDIE LINCOLN CLIFTON, JR./
  KATHY CORBIN CLIFTON

                                                              OPINION BY
v.        Record No. 2906-08-3              JUDGE D. ARTHUR KELSEY
                                                         AUGUST 11, 2009

CLIFTON CABLE CONTRACTING, L.L.C. AND
  ERIE INSURANCE EXCHANGE

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              A. Thomas Lane, Jr., for appellant.

              Richard D. Lucas (Lucas & Kite, PLC, on brief), for
              appellees.


       Upon a review of a sparse evidentiary record, the Workers' Compensation Commission

held that the widow of Freddie Lincoln Clifton, Jr., failed to prove that her husband's death arose

out of or in the course of his employment.  Finding no error in the commission's factfinding or

legal reasoning, we affirm.

                                                  I.

        We view the evidence on appeal in the light most favorable to "the prevailing party

before the commission."  Dunnavant v. Newman Tire Co., 51 Va. App. 252, 255, 656 S.E.2d

431, 433 (2008) (citation omitted).

        Clifton worked for Clifton Cable Contracting, L.L.C., a company he and his wife owned.

In July 2006, Clifton was involved in an accident while riding his motorcycle.  The accident

occurred on a Sunday after dinner.  The motorcycle belonged to Clifton, not his company.  A

firefighter medic was the first responder to the scene.  Arriving at 4:51 p.m., the firefighter found

Clifton alive but barely so.  Clifton was unresponsive and breathing at a rate of about six breaths

a minute. Clifton was evacuated by ambulance. He died at 5:39 p.m. at a designated landing zone for an Air Care helicopter.

Clifton's widow filed a claim for death benefits against Clifton Cable Contracting, L.L.C. At the evidentiary hearing on the claim, Clifton's widow testified she believed her husband left after dinner on his motorcycle on a work-related errand, delivering billing statements to the company bookkeeper. No documentary evidence, however, was offered to corroborate this testimony. Nor did the bookkeeper testify in support of this assertion. Clifton's widow acknowledged that her husband did not typically ride his personal motorcycle for work-related activities. And she also admitted that, at the time of the accident, she "really didn't know what happened firsthand."

As for the accident itself, no evidence in the record explains how or why it occurred. No witnesses testified about the accident; the operator of the other vehicle was not deposed or put on the stand; and no expert testimony or investigatory findings were admitted into evidence showing either the primary cause of the accident or any of its contributing factors.[1]

The commission held the preponderance of the evidence did not prove that the accident arose out of and during the course of Clifton's employment. The commission reasoned:

> There were no witnesses to the decedent's accident and no independent information as to the cause. It is speculation to conclude how the accident occurred. It could have been the result of carelessness, horseplay, mechanical failure, or other multiple possibilities. Even the requirement that the decedent be in the course of his employment is problematical. His widow testified

---

[1] The deputy commissioner refused to accept the police report "as an exhibit in the matter" for the purpose of speculating "as to how [the accident] occurred or why it occurred." In a reconsideration order, the commission accepted it "for the limited purpose of showing that there was an accident involving the decedent" and held it had "no probative value as to how or why the accident occurred." We treat this ruling as the law of the case since the claimant did not challenge it on appeal. See Little v. Cooke, 274 Va. 697, 722, 652 S.E.2d 129, 144 (2007) (holdings uncontested on appeal become "the law of the case"); Lockheed Info. Mgmt. Sys. Co. v. Maximus, Inc., 259 Va. 92, 108, 524 S.E.2d 420, 429 (2000) ("where no assignment of error or cross-error is taken to a part of a final judgment, the judgment becomes the law of the case").

that he did not usually ride his motorcycle in the course of his employment. Although she testified that on the day in question, the decedent was delivering some billing, she could not testify as to what he was doing at the time of the accident.

Despite the weakness of her evidentiary showing, Clifton's widow argued that the accident was still compensable under the so-called "death presumption." The commission found the death presumption inapplicable and denied the claim.

II.

On appeal, Clifton's widow contends her testimony proved the compensability of the claim as a matter of law and, in any event, the death presumption shifted the burden of proof to the employer to disprove compensability. We disagree with both assertions.

### A. EVIDENTIARY PROOF OF AN ACCIDENT ARISING OUT OF AND IN THE COURSE OF THE EMPLOYMENT

To be compensable, an injury must be "by accident arising out of and in the course of the employment . . . ." Code § 65.2-101. "The words 'arising out of,' as used in the Act, refer to the origin or cause of the injury while the phrase 'in the course of' pertains to the time, place and circumstances under which the accident occurred." Grand Union Co. v. Bynum, 226 Va. 140, 143, 307 S.E.2d 456, 458 (1983) (citation omitted). "The concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." PYA/Monarch & Reliance Ins. Co. v. Harris, 22 Va. App. 215, 221, 468 S.E.2d 688, 691 (1996) (citation omitted).

"An injury arises out of one's employment if there is a causal connection between the injury and the 'conditions under which the work is required to be performed.'" Dan River, Inc. v. Giggetts, 34 Va. App. 297, 304, 541 S.E.2d 294, 297 (2001) (citation omitted). The condition "must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship." Id. (quoting County of Chesterfield v. Johnson, 237 Va. 180,

183-84, 376 S.E.2d 73, 75 (1989)).  On the other hand, an accident occurs in the "course of employment" when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto.  Conner v. Bragg, 203 Va. 204, 208, 123 S.E.2d 393, 396 (1962) (citations omitted).

"The burden of supplying evidence from which the inference can be legitimately drawn that the injury arose out of and in the course of the employment, rests upon the claimant."  Butler v. Nolde Bros., Inc., 189 Va. 932, 944, 55 S.E.2d 36, 42 (1949) (quoting Sullivan v. Suffolk Peanut Co., 171 Va. 439, 443, 199 S.E. 504, 506 (1938)).  "Claimant must prove by a preponderance of the evidence that he has satisfied each requirement."  TBC Corp. v. Stephens, 49 Va. App. 650, 655, 644 S.E.2d 84, 87 (2007); see also Baggett Trans. Co. v. Dillon, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978).

In this case, the commission found that the preponderance of the evidence failed to prove how or why the motorcycle accident happened.  Accord Hill v. S. Tank Trans., Inc., 44 Va. App. 725, 733, 607 S.E.2d 730, 734 (2005) (affirming denial of benefits where "claimant never explained how the hazards of the street caused his injuries, thereby eliminating the possibility of causes totally unrelated to the street risks of employment").  "It is speculation to conclude how the accident occurred," the commission held.  Clifton's accident, the commission continued, "could have been the result of carelessness, horseplay, mechanical failure, or other multiple possibilities."  Some of those causes could have been compensable; others not.

Equally important, the commission found "problematical" the evidence offered in support of the assertion that Clifton's motorcycle ride was "in the course of his employment" with Clifton Cable Contracting, L.L.C.  The commission noted that Clifton's widow "testified that he did not usually ride his motorcycle in the course of his employment."  Her testimony, the

- 4 -

commission added, was inconclusive on the critical issue of what her husband specifically "was doing at the time of the accident." He could have finished his work-related errand and continued riding for personal pleasure, or he could have abandoned the errand altogether with the intent to come back to it during the next workweek. No witness testified that he dropped off any billing information or that he was expected to do so. Nor were any business records offered into evidence corroborating the assertion that he was on a work-related errand that Sunday evening. Cf. Dreyfus & Co. v. Meade, 142 Va. 567, 576, 129 S.E. 336, 339 (1925) (employee's injury while on a "personal errand" about "two blocks away" did not occur in the course of the employment).

Under our standard of review, we defer to the commission's assessment of the "probative weight" (or, in this case, the lack of it) of the evidence — recognizing that the commission "is free to adopt that view 'which is most consistent with reason and justice.'" Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (citation omitted). We treat the commission's factfinding as "conclusive and binding," Berglund Chevrolet v. Landrum, 43 Va. App. 742, 749-50, 601 S.E.2d 693, 697 (2004) (quoting Code § 65.2-706(A)), so long as a "reasonable mind could conclude" as the commission did based upon the evidence before it, Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 492, 497 (2005) (*en banc*) (emphasis in original and citation omitted).[2] Thus, "[w]here divergent or conflicting inferences reasonably might be drawn from established facts their determination is exclusively for the fact-finding body." Hopson v. Hungerford Coal Co., 187 Va. 299, 308, 46 S.E.2d 392, 396 (1948).[3]

---

[2] Because "we do not judge the credibility of witnesses or weigh the evidence on appeal," Hoffman v. Carter, 50 Va. App. 199, 209, 648 S.E.2d 318, 323 (2007) (citation omitted), our personal view of the underlying factual debate plays no role in the task of appellate review. See Perry, 46 Va. App. at 67, 615 S.E.2d at 497.

[3] We have not overlooked the claimant's citation to Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 437 S.E.2d 727 (1993) (*en banc*), a case in which we affirmed the commission's

## B. VIRGINIA'S DEATH PRESUMPTION

Under certain circumstances, Virginia courts have relieved death claimants of the burden of proof by presuming the accident arose out of and in the course of employment. See generally Lawrence J. Pascal, Virginia Workers' Compensation Law & Practice § 3.03[3][e] (3d ed. 2000 & Supp. 2009). As one early case explained:

> [W]here an employee *is found dead* as the result of an accident *at his place of work or near-by*, where his duties may have called him during the hours of his work, *and there is no evidence* offered to show what *caused* the death or *to show that he was not engaged in his master's business at the time*, the court will indulge the presumption that the relation of master and servant existed at the time of the accident and that it arose out of and in the course of his employment.

S. Motor Lines Co. v. Alvis, 200 Va. 168, 171-72, 104 S.E.2d 735, 738 (1958) (internal citations omitted) (emphasis added); see also Sullivan, 171 Va. at 447-48, 199 S.E. at 507-08; Boys & Girls Club of Va. v. Marshall, 37 Va. App. 83, 88, 554 S.E.2d 104, 106 (2001); Thomas Nelson Ltd. P'ship v. Fritz, 11 Va. App. 269, 273, 397 S.E.2d 891, 894 (1990).

This presumption, however, remains limited to its "original parameters." K & G Abatement Co. v. Keil, 38 Va. App. 744, 758, 568 S.E.2d 416, 423 (2002). It applies only to cases where the employee is "found dead . . . at his place of work or near-by," Alvis, 200 Va. at 171, 104 S.E.2d at 738, and, even then, only when no plausible inference suggests the accident might be noncompensable, see Baggett Transp., 219 Va. at 644, 248 S.E.2d at 825 (holding the "occupation as a truck driver" did not subject employee to the risk of "being shot" while "alongside a public highway").

---

finding that an employee's vehicular accident arose out of and in the course of the employment. The appellate issue in that case, however, was whether the claimant's proof was *sufficient* for the commission's findings — that is, whether the claimant's evidence established a *prima facie* case. We held it did. Here, however, the factfinder found the evidence wanting. The issue for us is whether the evidence preponderates so strongly that no rational factfinder could resist it.

The factual "circumstances which form the basis of the presumption must be of sufficient strength from which the *only rational inference* to be drawn is that death arose *out of* and *in the course of* the employment." Hopson, 187 Va. at 305, 46 S.E.2d at 395 (emphasis added). There must be "an absence of contrary or conflicting evidence on the point." Id.; see also Baggett Transp., 219 Va. at 644, 248 S.E.2d at 826. When "conflicting inferences might logically be drawn from the circumstances," and the evidence supports a permissible inference that "there was no causal relationship between the death and the employment, the presumption [is] not applicable." Metcalf v. A.M. Express Moving, 230 Va. 464, 470, 339 S.E.2d 177, 181 (1986). Thus, "no presumption can be said to arise" when the accident occurred "outside the decedent's regular working hours" and it is doubtful whether he was "actually on the employer's business." Butler, 189 Va. at 944-45, 55 S.E.2d at 42.

This extrastatutory death presumption cannot be broadened beyond its fixed parameters. Making a "change in the parameters" of the death presumption, we have cautioned, "is a policy decision to be made, if at all, by the General Assembly." K & G Abatement, 38 Va. App. at 757, 568 S.E.2d at 422 (citing Pinkerton's, Inc. v. Helmes, 242 Va. 378, 381, 410 S.E.2d 646, 648 (1991)). Since its creation in the courts a half a century ago, "the General Assembly has not chosen to expand the presumption beyond its original parameters." Id. at 758, 568 S.E.2d at 423.

Under the circumstances of this case, the commission did not err in finding the death presumption inapplicable. The firefighter medic did not find Clifton at his "place of work or near-by," Alvis, 200 Va. at 171, 104 S.E.2d at 738, but rather on a public highway.[4] And his widow's testimony — which the commission found "problematical" — was not convincing

---

[4] Clifton Cable Contracting, L.L.C. also argues that Clifton, while mortally wounded, was not dead when discovered by the firefighter medic after the accident. Given our holding, we need not decide whether Clifton's near-death condition would trigger the death presumption if Clifton had been found at his place of work or near-by.

enough to render implausible the possibility of noncompensable causes of the accident wholly outside the course of Clifton's employment. See Butler, 189 Va. at 945, 55 S.E.2d at 42 (finding widow's testimony regarding decedent's work-related errand not dispositive). Thus, it cannot be said that "the circumstances which form the basis of the presumption" were of "sufficient strength from which the *only* rational inference to be drawn is that death arose out of and in the course of the employment." Metcalf, 230 Va. at 469, 339 S.E.2d at 180 (quoting Baggett Transp., 219 Va. at 642, 248 S.E.2d at 824 (quoting in turn Hopson, 187 Va. at 305, 46 S.E.2d at 395)) (emphasis added).

## III.

Finding no error in the commission's factfinding or its reasons for not applying the death presumption, we affirm.

Affirmed.