COURT OF APPEALS OF VIRGINIA

Present:    Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

U.S. AIRWAYS, INC. AND
  NEW HAMPSHIRE INSURANCE COMPANY
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1564-09-1                        JUDGE D. ARTHUR KELSEY
                                                         FEBRUARY 23, 2010
PAMELA D. TAITE-PRESSEY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
                  Adam S. Rafal (Lisa L. Thatch; Vandeventer Black LLP,
                  on brief), for appellants.

                  William M. McKee (William M. McKee and Associates, on
                  brief), for appellee.


        U.S. Airways, Inc., and its insurer, New Hampshire Insurance Company (collectively, the

"employer"), appeal a decision of the Virginia Workers' Compensation Commission awarding

temporary, total disability benefits to the claimant, Pamela D. Taite-Pressey.  Because the

decision involves factual disputes outside the scope of our appellate review, we affirm.

                                            I.

        On appeal, we view the evidence in the light most favorable to "the prevailing party

before the commission."  Clifton v. Clifton Cable Contracting, 54 Va. App. 532, 536-37, 680

S.E.2d 348, 351 (2009) (quoting Dunnavant v. Newman Tire Co., 51 Va. App. 252, 255, 656

S.E.2d 431, 433 (2008)).

        The claimant, a flight attendant, was injured at work.  She and her employer agreed to an

award of temporary, total disability benefits.  Several months later, her treating physician

released her to return full time to her pre-injury position.  The claimant disagreed with her

───────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

treating physician's opinion and hired other physicians who, after providing nine months of additional treatment culminating in neck surgery, agreed with the claimant that she remained totally disabled. At an evidentiary hearing, a deputy commissioner weighed the competing medical evidence and examined the claimant's credibility. The deputy commissioner accepted the fit-for-duty opinion given by the claimant's treating physician and found the claimant "did not convincingly testify regarding the validity of her symptoms." Both her testimony and her medical records, the deputy commissioner held, suggested she exaggerated her symptoms. Based on this factfinding, the deputy commissioner suspended her temporary, total disability benefits.

The claimant asked for and received full commission review. Without taking additional evidence or hearing oral argument, a divided commission reversed the deputy's decision. Exercising *de novo* review, the commission majority reweighed the medical evidence and concluded it negated the treating physician's fit-for-duty opinion. The commission majority rejected the deputy's finding that the claimant exaggerated her symptoms because it "was based upon an incorrect premise." See Taite-Pressey v. U.S. Airways, Inc., No. 235-01-78, 2009 WL 1848656 at *8 (June 23, 2009). Had the deputy focused more on the "objective corroboration of the claimant's symptoms" provided by the medical evidence she presented, the commission reasoned, the deputy would not have rejected the claimant's testimony. Id.

The dissenting commissioner found the majority's reasoning unconvincing because, he argued, it contradicted two longstanding principles of full commission review: First, medical opinions of a treating physician are entitled to great weight; and, second, deference should be given to the credibility findings made by deputy commissioners who preside over evidentiary hearings. Applying both principles to this case, the dissenting commissioner concluded the deputy commissioner's decision should be affirmed.

II.

Adopting the reasoning of the dissenting commissioner, the employer contends on appeal the commission majority erred as a matter of law by not deferring to the fit-for-duty opinion of the treating physician and the credibility finding of the deputy commissioner. We disagree.

Despite the persuasive reasoning of the dissenting commissioner, it involves only a dispute with the majority over *factfinding*. We are not factfinders. "Because we do not judge the credibility of witnesses or weigh the evidence on appeal, our personal view of the underlying factual debate plays no role in the task of appellate review." Clifton, 54 Va. App. at 541 n.2, 680 S.E.2d at 353 n.2 (citation and internal quotation marks omitted). Instead, we treat the commission's factfinding as "conclusive and binding," Code § 65.2-706(A), so long as a "reasonable mind *could* conclude" as the commission did based upon the evidence before it, Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 494, 497 (2005) (*en banc*) (emphasis in original and citation omitted). Absent a showing that the commission's factfinding simply defies reason, we limit our review to questions of law.

Neither of the two principles the commission allegedly violated is an axiom of law. No statute or caselaw *requires* the commission to adopt the treating physician's opinion. To the contrary, "[i]f there is any doubt in the treating physician's opinion, or if there is contrary expert medical opinion, 'the commission is free to adopt that which is most consistent with reason and justice.'" Va. Natural Gas, Inc. v. Tennessee, 50 Va. App. 270, 279, 649 S.E.2d 206, 211 (2007).[1] Similarly, no statute or caselaw *requires* the commission to defer to the credibility factfinding of its deputies. Just the opposite is true: "[E]stablished principles provide that the Workers' Compensation Commission is not bound by a deputy commissioner's prior findings on

---

[1] Quoting United Airlines, Inc. v. Sabol, 47 Va. App. 495, 501-02, 624 S.E.2d 692, 695 (2006) (quoting Williams v. Fuqua, 199 Va. 709, 714, 101 S.E.2d 562, 567 (1958)).

questions of witness credibility." McNamara v. Va. Employment Comm'n, 54 Va. App. 616, 624, 681 S.E.2d 67, 71 (2009) (citations omitted). So long as the commission does not "arbitrarily disregard" the deputy's credibility finding — which occurs only when the commission fails to provide a plausible explanation for its decision — the commission remains free to decide for itself whether to believe or disbelieve a witness. Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992). The treating-physician and deputy-credibility principles provide initial presets for the factfinding process. But neither principle seeks to prematurely end the process by rendering invalid all contrary factual inferences.

In this case, the commission majority expressly rejected the fit-for-duty opinion of the treating physician and the credibility finding of the deputy commissioner. The commission explained its basis for doing so in a detailed written opinion. See Taite-Pressey, 2009 WL 1848656 at **7-8. It is unnecessary to repeat the details here. Suffice it to say, the commission majority meticulously examined the medical record and provided a rational factual basis for concluding the claimant remained disabled. Though the employer forcefully argues the dissenting commissioner had the better of the argument, its lack of success at the factfinding stage of this case cannot be remedied on appeal.

III.

Because the commission's award of temporary, total disability benefits involves questions of fact outside the scope of our appellate review, we affirm.

Affirmed.