COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Beales and Senior Judge Willis
Argued at Salem, Virginia


TIMOTHY HOLLEY

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0799-09-3                       JUDGE RANDOLPH A. BEALES
                                                           MARCH 23, 2010
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                               David A. Melesco, Judge

              James C. Martin (Martin & Martin Law Firm, on brief), for
              appellant.

              Karen A. DeSousa, Special Counsel (William C. Mims, Attorney
              General; David E. Johnson, Deputy Attorney General; Jane D.
              Hickey, Senior Assistant Attorney General, on brief), for appellee.


        In November 2006, Timothy Holley (appellant) was found not guilty by reason of insanity

of being a felon in possession of a firearm.  Initially, he was committed to Central State Hospital.

Eventually, he became a patient at the Southern Virginia Mental Health Institute (SVMHI), a

residential facility.  While there, he refused to participate in his treatment program and refused to

take the medication recommended by his doctor.  SVMHI petitioned the court, pursuant to Code

§ 37.2-1101, asking for an order authorizing the recommended treatment for appellant.  After the

trial court granted SVMHI's petition, appellant appealed to this Court.  On appeal, he argues that the

trial court did not correctly apply the law and that the trial court erred in finding that the treatment

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

did not violate his basic values.[1]  After considering the record in this case and the argument of the

parties, we find the trial court applied the correct law and did not err in its findings.

## I. BACKGROUND[2]

As this opinion is not designated for publication and the parties are familiar with the facts,

we discuss only those parts of the record necessary to clarify the decision here.

Appellant had a significant history of paranoia prior to a trial court finding him not guilty by

reason of insanity of being a felon in possession of a firearm.  After his commitment, appellant's

condition did not seem to improve.  Eventually, the SVMHI personnel responsible for appellant's

medical care determined that a particular course of treatment, including use of an anti-psychotic

medication called Abilify, would improve his condition.  Dr. Pravin Patel, appellant's treating

physician, testified at the initial hearing in this case that appellant refused to take all medications

offered to him and refused to cooperate with other aspects of the treatment plan.

Appellant testified that he believed Abilify would exacerbate his liver condition and affect

his nervous system, and he presented pages from a website that listed some "rare but serious side

effects" of the drug.  Therefore, he claimed, he believed Abilify "would hurt his quality of life,

which has to do with his basic values."  Later during his testimony, he "reiterated that his quality of

life would be severely damaged if he t[ook] this medicine."  Dr. Patel explained during his

testimony that, if Abilify produced unpleasant side-effects, then he intended to try other

anti-psychotic drugs.  Dr. Patel also testified that Abilify "is one of the least side-effect-prone

---

[1] Appellant's questions presented also refer to appellant's "religious beliefs."  However, in his discussion of these questions, appellant has limited his argument to the allegation that the medication violated his basic values – not his religious beliefs.

[2] Pursuant to Rule 5A:8(c), appellant filed a written statement of facts rather than a transcript of the proceedings before the trial court.

medications." From the bench, the trial court ordered that appellant cooperate with the recommended treatment.

A second hearing was held about a month later. Appellant had not begun taking Abilify. However, Dr. Patel testified that appellant had improved somewhat, cooperating with the staff a bit more. In addition, appellant had agreed to take a different drug, Geodan, which seemed to improve his condition. However, Geodan also affected appellant's white blood cell count, and so this drug was discontinued after ten days. Dr. Patel explained that appellant needed to take some medication if he was going to improve. The doctor also testified that appellant never "mentioned anything about his religious beliefs or basic values, and that he basically state[d] that he should not have to take the medication because he does not believe he has these mental illnesses."

When appellant testified at the second hearing, he claimed that he wanted to work with Dr. Patel. However, he also claimed

> that forcing medications on him would be detrimental to his quality of life as it is. He stated that this was not a religious belief, but that it was just a quality of life belief. He stated that this is one of his basic values, in addition to his belief that being forced to take this medication will take away from his quality of life.

Appellant argued to the trial court that, pursuant to Code § 37.2-1101(G)(4), the court could not order him to take Abilify because such an order would violate his basic values. The trial court then remarked "that because Appellant lack[ed] the capacity to make medical decisions on his own, the second part of the analysis[3] was 'totally irrelevant,' regardless of whether Appellant had objections based on basic or religious values." (Footnote added.)

On June 12, 2009, the trial court entered a written order authorizing the administering of anti-psychotic drugs to appellant. In this written order, the court specifically found that SVMHI

---

[3] Presumably, "the second part of the analysis" refers to whether the evidence proved that the treatment was contrary to appellant's religious beliefs or basic values.

had proven by clear and convincing evidence, *inter alia*, that "the proposed action is not contrary to the person's religious beliefs or basic values." The written order also includes a finding that, although appellant had objected that the administering of this medication would violate his basic values, he "had not proven by a preponderance of the evidence that the treatment proposed violates his basic values."

## II. ANALYSIS

### A. Trial Court's Application of the Law

Code § 37.2-1101 allows a court to authorize treatment of an adult who lacks the capacity to make decisions for himself, and appellant does not appeal the trial court's finding that he is incapable of making a decision regarding his treatment for himself. However, appellant claims that the trial court ignored subsection (G)(4) of this statute, which reads:

> the court shall not authorize a proposed treatment that is proven by a preponderance of the evidence to be contrary to the person's religious beliefs or basic values, unless the treatment is necessary to prevent death or a serious irreversible condition.

Code § 37.2-1101(G)(4). As proof of this claim, appellant points to the statement that the trial court made from the bench – "that because Appellant lack[ed] the capacity to make medical decisions on his own, the second part of the analysis was 'totally irrelevant,' regardless of whether Appellant had objections based on basic or religious values."

A court speaks, however, through its written orders – not from its pronouncements in the courtroom. See Moreau v. Fuller, 276 Va. 127, 137, 661 S.E.2d 841, 847 (2008) ("We have repeatedly stated that a court speaks only through its written orders."); Robinson v. Robinson, 54 Va. App. 87, 93, 675 S.E.2d 873, 876 (2009) ("It is well established that "'trial courts speak only through their orders and . . . such orders are presumed to reflect accurately what transpired.'"" (quoting Rose v. Commonwealth, 265 Va. 430, 435 n.2, 578 S.E.2d 758, 761 n.2 (2003))). "Because a 'circuit court speaks only through its orders,'" we examine the final order entered by

- 4 -

the court "-- not the court's remark from the bench -- to discern its holding." Pilson v. Commonwealth, 52 Va. App. 442, 444, 663 S.E.2d 562, 563 (2008) (quoting Roe v. Commonwealth, 271 Va. 453, 458, 628 S.E.2d 526, 529 (2006)). In addition, since "[a] recital of proceedings in a judicial order is an 'absolute verity and it is not subject to collateral attack,'" Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (quoting Kibert v. Commonwealth, 216 Va. 660, 662, 222 S.E.2d 790, 791 (1976)), we presume "that [a trial court] order, as the final pronouncement on the subject, rather than a [written statement of facts] that may be flawed by omissions, accurately reflects what transpired." Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979).

In the written order here, the trial court explicitly found, by clear and convincing evidence, that "the proposed action is not contrary to [appellant's] religious beliefs or basic values." The order also states that appellant "had not proven by a preponderance of the evidence that the treatment proposed violates his basic values." Based on these explicit findings in the written order that was entered in this case, the trial court clearly considered the dictates of Code § 37.2-1101(G)(4) and found that the treatment would not violate appellant's basic values. Therefore, we find the trial court applied the appropriate legal principles in reaching its conclusion here.

## B. Basic Values

Appellant also argues that the trial court erred in finding that the recommended course of treatment would not violate his basic values. We find the evidence was sufficient to support the trial court's ruling in its written order.

Under Code § 37.2-1101(G)(4), a court must consider whether a "preponderance of the evidence" proves that a treatment is contrary to a patient's basic values before it can order that the patient receive such a treatment. Clearly, a conclusion that a treatment does not violate a

patient's basic values is a finding of fact – not a finding of law.  See Lovitt v. Warden, 266 Va. 216, 241, 585 S.E.2d 801, 815-16 (2003) (noting that a finding based on the knowledge of witnesses is a factual finding).  Therefore, in this case, "we will reverse the factual finding of the trial court only if it is plainly wrong or without evidence to support it.  We also give deference to the trial court's findings of fact and view those findings in the light most favorable to . . . the prevailing party below."  Zelnick v. Adams, 269 Va. 117, 123, 606 S.E.2d 843, 846 (2005) (citation omitted).  Where the factfinder has concluded that "the evidence [is] wanting," as the factfinder concluded here, this Court can only overturn that finding when "the evidence preponderates so strongly that no rational factfinder could resist it."  Clifton v. Clifton Cable Contr., LLC, 54 Va. App. 532, 541 n.3, 680 S.E.2d 348, 353 n.3 (2009).

The evidence that appellant presented here was not so strong that it precluded any rational factfinder from concluding that the recommended treatment would not violate appellant's basic values, especially given the evidence that was presented by SVMHI.  In fact, considering the entire record on appeal here, the evidence in this record was sufficient to support the conclusion reached in the trial court's written order that the recommended treatment would not violate appellant's basic values.  According to Dr. Patel's testimony, appellant never complained to the doctor that the treatment would violate any of appellant's basic values.  Instead, appellant simply argued that he did not need the treatment because he was not psychotic.  When appellant testified, he complained that he believed that the side effects from the medication would aggravate his liver and back problems, thus decreasing the quality of his life, which was against his basic values.  This testimony was based on the assumption that the recommended treatment would aggravate appellant's other medical problems.  However, Dr. Patel testified that Abilify was "one of the least side-effect-prone medications" that he could administer to appellant, and he also informed the court that the SVMHI staff would discontinue the

drug if its side effects were significant. In fact, Dr. Patel had already discontinued the use of another drug, Geodan, when its side effects were considered significant, and appellant had apparently never complained that the Geodan treatment violated his basic values.

Because appellant's concern about side effects, which was the underlying basis for his argument, was refuted by Dr. Patel's testimony, the trial court did not err in finding, as it did in its June 12, 2009 order, that appellant had failed to prove that the treatment would violate his basic values. Appellant's testimony that the recommended treatment would violate his basic values did not "preponderate[] so strongly that no rational factfinder could resist it." Clifton, 54 Va. App. at 541 n.3, 680 S.E.2d at 353 n.3. Instead, a rational factfinder could reasonably determine, based on the evidence presented at the hearings in this case, that the recommended treatment would not violate appellant's basic values.

### III. CONCLUSION

We find the trial court did not err in authorizing appellant's treatment pursuant to Code § 37.2-1101. Therefore, we affirm the trial court's order.

Affirmed.