COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


JAVIER AVILA-RIVERA
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1034-11-3               JUDGE ROBERT P. FRANK
                                                         NOVEMBER 8, 2011
EXCEL MASONRY, INC. AND
  STATE FARM FIRE AND CASUALTY COMPANY


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              A. Thomas Lane, Jr. (Jason E. Ransom; A. Thomas Lane, Jr. &
              Associate, on brief), for appellant.

              Angela F. Gibbs (James G. Muncie, Jr.; Midkiff, Muncie & Ross,
              P.C., on brief), for appellees.


       Javier Avila-Rivera, appellant/claimant, appeals the decision of the Virginia Workers'

Compensation Commission that denied him benefits.  On appeal, he contends the commission

erred in finding that he unjustifiably refused selective employment.  For the reasons stated, we

affirm the commission.

                                    BACKGROUND

       It is uncontested that claimant received a compensable injury by accident on February 18,

2008 and was paid medical benefits and ongoing temporary total disability benefits beginning

February 19, 2008.  By amended application for hearing, Excel Masonry, Inc. and State Farm

Fire and Casualty Company, its insurer (collectively referred to as employer), sought termination

of benefits asserting that claimant refused selective employment on December 29, 2009.

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

We limit our factual recitation to the facts necessary to determine whether the commission erred in determining whether claimant refused selective employment.

Claimant returned to light-duty work on December 1, 2009. On December 4, claimant had a seizure. Claimant's wife, Tonia,[1] testified she called Karen Hardbower, an owner of employer, and left a message since no one answered the call. Tonia indicated claimant had a seizure, was unable to work, and she would advise employer of his progress. Tonia then called Jim Hardbower, another owner, and claimant's foreman, leaving similar messages.

Tonia testified that on December 6, she spoke to Karen Hardbower, telling her claimant had certain tests scheduled and "he wouldn't be coming back to work until the tests were completed." Later that evening, Tonia called Karen Hardbower, again leaving a message that Dr. Erwin said claimant needed more tests. On December 11, Tonia called claimant's foreman, leaving a message that claimant still had tests scheduled and requested the foreman return her call. Tonia testified he did not call back.

Tonia further testified she telephoned Karen Hardbower on December 18, leaving a message that claimant was having severe headaches and could not work. She testified Karen Hardbower did not return that call.

On December 29, Tonia called the foreman to advise him of claimant's status. Tonia testified the foreman did not return the call. The same day, Tonia again called the foreman, leaving the same message. However, Tonia was able to speak to Karen Hardbower by phone the same day, telling her that claimant would complete his EEG that day. Karen told Tonia to talk to Jim or the foreman since she did not maintain work schedules.

---

[1] Since claimant speaks very little English, Tonia communicated with employer on claimant's behalf.

According to Tonia, she called the foreman on January 6, 2010 and January 10, 2010, leaving messages that claimant had completed the testing and was able to return to work. Tonia further inquired whether any work was available. She testified the foreman did not return that call. On January 12, Tonia left a similar message with Jim Hardbower. Tonia testified he never returned that call. Tonia testified after January 12, she did not call employer again.

The record indicates that claimant returned to work on December 1, 2009 and worked 19½ hours for the pay period of November 30 through December 6; 24 hours for the pay week of December 7 through December 13; and 31 hours for the pay period of December 14 through December 20.

After December 20, claimant never returned to work. He received a letter dated January 24, 2010 terminating his employment due to his failure to return to work and failure to notify his employer of his unavailability to work.[2] The letter recited Tonia's call of December 29, 2009 where she reported claimant had a medical doctor's appointment for more testing and would return to work on December 29.[3] The letter indicated claimant never returned to work.

Claimant testified he was ready, able, and willing to return to work. He further indicated after his termination in January, there was a snowstorm that prevented him from working. After receiving the termination letter, claimant never contacted employer to challenge his termination.

The deputy concluded no medical records supported claimant's out-of-work periods. During the December 29 phone conversation between Tonia and Karen Hardbower, Karen Hardbower indicated claimant was to call Jim or the foreman to determine the availability of work. Claimant did not do so.

---

[2] The termination letter dated January 24, 2010 was addressed to State Farm Fire & Casualty Company.

[3] Tonia denied telling employer claimant would return to work on December 29.

The deputy concluded:

> The weight of the evidence is that the employer was waiting for the claimant to return to employment, and the claimant's wife was calling to say he was undergoing tests, and as a result of not hearing anything further from the claimant, the employer terminated his employment.
>
> The Commission finds that the claimant unjustifiably refused selective employment within his physical capacity which was available to him on December 29, 2009, and thereafter. The claimant asserted that no one contacted him about available work. Such is not the employer's burden. It becomes the claimant's duty to look for work within his capacity. He did not return to the most obvious source.

The full commission, with a dissent, affirmed the deputy, concluding:

> The evidence reflects that the employer offered the claimant a *bona fide* job on December 1, 2009. The claimant agreed that he had returned to this selective employment. Thereafter, the claimant missed some work due to his seizure. Ms. Avila-Rivera testified that she began making telephone calls for the claimant and apprising the employer of his status. However, we note that, during the period when Ms. Avila-Rivera was making the calls, the claimant was actually working. It appears that the claimant last worked during the week ending December 20, 2009, having worked 31 hours that week. The claimant never reported for work thereafter, and there was no evidence the claimant was totally disabled after December 20, 2009.

This appeal follows.

ANALYSIS

Claimant contends that the commission erred in finding he unjustifiably refused selective employment on December 29, 2009.

An injured employee who refuses employment suitable to his capacity is not entitled to any compensation during the period of refusal unless the refusal is justified. Code § 65.2-510(A). "An employer seeing to terminate compensation benefits based on refusal of selective employment must establish '(1) a *bona fide* job offer suitable to the employee's capacity; (2) procured for the employee by the employer; and (3) an unjustified refusal by the

- 4 -

employee to accept the job.'"  Gallahan v. Free Lance Star Publ. Co., 37 Va. App. 114, 117, 554 S.E.2d 685, 686 (2001) (quoting Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 37, 542 S.E.2d 785, 788 (2001)).

Whether claimant unjustifiably refused such employment is a question of fact.  Newport News Shipbuilding and Dry Dock Co. v. Lawrence, 38 Va. App. 656, 662, 568 S.E.2d 374, 377 (2002).  The commission must examine the totality of evidence offered on these issues.  See id. (noting that, when determining whether an employee refused employment, the commission determined this fact "from the totality of the evidence").  Accordingly, the commission's resolution of this issue, "if supported by credible evidence, [is] conclusive and binding on this Court."  Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 673, 508 S.E.2d 335, 340 (1998).  Evidence to the contrary in the record "is of no consequence if there is credible evidence to support the [c]ommission's findings."  Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986).

"Because we do not judge the credibility of witnesses or weigh the evidence on appeal, our personal view of the underlying factual debate plays no role in the task of appellate review."  Clifton v. Clifton Cable Contr., LLC, 54 Va. App. 532, 541 n.2, 680 S.E.2d 348, 353 n.2 (2009) (citation and internal quotation marks omitted).

Claimant contends, based on the January 24, 2010 termination letter, the sole basis for termination was claimant's failure to notify employer of his status after December 29, 2009.  However, the letter also states as of January 24, 2010, claimant had not returned to work.  Claimant does not challenge the latter statement.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  The trier of

fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Thus, the testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support the trial court's finding. McCary v. Commonwealth, 36 Va. App. 27, 41, 548 S.E.2d 239, 246 (2001).

It is evident from both opinions of the deputy and the full commission that Tonia's testimony was rejected.[4] This credibility finding is supported by inconsistencies in Tonia's testimony and her affidavit of February 15, 2010. Her testimony before the deputy was that on January 6, January 10, and January 12 she called the foreman, advising him claimant had completed testing and was able to return to work. However, in her affidavit, Tonia avowed that on January 6, January 10, and January 12, she left messages with the foreman that claimant was unable to work because of back pain.

Finally, claimant maintains that the facts underlying the commission's opinion were not the basis of employer's application to terminate. Claimant argues the application is based on claimant's failure to contact employer as to his status after December 29, 2009.[5] Therefore, claimant concludes that the commission erred in going beyond the "four corners" of the application.

Because claimant failed to point this discrepancy out to the commission, he is now barred by Rule 5A:18 from raising it in this Court. See Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003) (holding that where a party claimed that the "basis for the

---

[4] The dissent was premised on a finding that Tonia was a credible witness.

[5] In reviewing the amended application dated March 5, 2010, employer cited claimant's refusal of selective employment which incorporated the January 24, 2010 termination letter, which indicated the grounds of termination were failure to return to work and failure to report his status.

Commission's decision was not raised, litigated, or in any way considered as an issue in the case prior to the issuance of the Commission's decision," that party had a duty to present this argument to the commission by way of a motion for reconsideration in order to preserve this claim for appeal).  Here, claimant had two opportunities to raise this issue.  The deputy's decision was also based on the finding that claimant's wife did, in fact, call employer but, instead of inquiring about work availability, said claimant could not work due to ongoing medical problems, unsupported by any medical documentation.  We therefore do not consider this issue on appeal.

CONCLUSION

For the reasons stated herein, the decision of the commission is affirmed.

<u>Affirmed.</u>