COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia

LISA JENNINGS

MEMORANDUM OPINION* BY
v.          Record No. 2497-11-2          JUDGE D. ARTHUR KELSEY
                                          JUNE 26, 2012

RICHMOND PUBLIC SCHOOLS AND
  SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Seth R. Carroll (Geoff McDonald & Associates, P.C., on
brief), for appellant.

Dennis M. Martin (Harrell & Chambliss, LLP, on brief),
for appellees.

The Virginia Workers' Compensation Commission denied a claim filed by Lisa Jennings

because she failed to prove her accident arose out of her employment.  On appeal, Jennings

claims the commission misapplied the law and misjudged the facts.  We disagree and affirm.

I.

We view the evidence on appeal in the light most favorable to "the prevailing party

before the commission."  Thorpe v. Clary, 57 Va. App. 617, 620, 704 S.E.2d 611, 612 (2011)

(citation omitted), aff'd, 283 Va. 808, 724 S.E.2d 728 (2012).

The record before the commission shows that Jennings worked in October 2010 as a

social worker for the Richmond Public Schools.  While walking through the main office of

Ginter Park Elementary School, Jennings fell just as she entered a copy room.  At the threshold

of the copy room, the smooth tile surface met a carpeted area.  A small "gold-colored threshold"

connected the tile surface to the carpet.  See Jennings v. Richmond Pub. Sch., 2011 Va. Wrk.

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Comp. LEXIS 398 (Nov. 17. 2011). The threshold was "raised a little in the middle to a peak." Id. It had a "beveled" design but was not loose from the floor. See R. 79-82.

Jennings testified she fell after stepping on the threshold. She admitted the area was well lit, and on previous occasions, she had crossed the threshold without tripping. In redirect testimony, Jennings suggested she might have been distracted at the time of her fall by someone using the photocopier. Another worker in the office claimed the tile floor was "a little cracked right before the threshold" but conceded "there was no gap" between the threshold and the floor. Jennings, 2011 Va. Wrk. Comp. LEXIS 398. The commission also received into evidence a photograph of the threshold.

Sitting as factfinder, the commission found "no evidence that the threshold was unusual" or "defective in any way." Id. The commission acknowledged Jennings "vaguely testified" about the indentation in the floor contributing to her fall. Id. Upon reviewing the photograph, the commission rejected this testimony because the small indent was at "the extreme left side of the doorway," not in the area where Jennings's foot likely met the threshold. Id. The commission found, in any event, "that the claimant's vague testimony is insufficient evidence that the floor contributed to the claimant's fall as she failed to explain how any indention on the tile floor contributed to her tripping over the slightly raised metal threshold." Id.

In addition, the commission was "also not persuaded that the claimant's lack of focus as she was entering the copier room was unique to the nature of her employment or constituted a risk of her employment." Id. In particular, "the claimant failed to testify that her attention was, in fact, diverted, as she merely stated that she was looking ahead instead of down when she fell. The act of looking ahead while walking is simply not an added risk of the employment." Id.

Given these factual findings, the commission held Jennings did not prove by a preponderance of the evidence that her accident arose out of her employment. The commission summarized its holding this way:

> The evidence before us does not demonstrate that the metal strip over which the claimant tripped was *unusual or defective*. There was no evidence that the claimant was exposed to a heightened risk of injury as a result of her employment, such as a requirement to hurry or otherwise engage in some employment-related task which made it more likely that she would trip over the threshold. Accordingly, we find that the claimant's injury did not arise out of her employment.

Id. (emphasis added). In dissent, Commissioner Diamond stated she "would find that the floor next to the threshold is defective, and this defect contributed to this school social worker's fall." Id.

## II.

On appeal, Jennings argues the commission should have found that her accident arose out of her employment. To this end, Jennings challenges both the commission's legal standard and its factfinding. We find error in neither.

### A. STANDARD OF APPELLATE REVIEW

"We review questions of law *de novo* and independently determine the governing legal principles without deference to the decision under review." Thorpe, 57 Va. App. at 623, 704 S.E.2d at 613.[1] "In contrast, we review questions of fact under the highest level of appellate deference." Id. "By statute, we treat the commission's factfinding as 'conclusive and binding' if it rests on a sufficient threshold of evidence." Id. (quoting Berglund Chevrolet, Inc. v. Landrum,

---

[1] See also Spicer v. Va. Birth-Related Neurological Injury Comp. Program, 48 Va. App. 613, 618, 633 S.E.2d 732, 734 (2006) (reaffirming principle of *de novo* review of "pure questions of law"); Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 540 (2003) (stating we "do not consider ourselves 'bound by the legal determinations made by the commission'" (citation omitted)).

43 Va. App. 742, 749-50, 601 S.E.2d 693, 697 (2004) (in turn quoting Code § 65.2-706(A))). "This appellate deference is not a mere legal custom, subject to a flexible application, but a statutory command," id. (citation omitted), that binds us so long as a "rational mind upon consideration of all the circumstances" could come to the conclusion adopted by the commission, K & G Abatement Co. v. Keil, 38 Va. App. 744, 756, 568 S.E.2d 416, 422 (2002) (quoting Baggett & Meador Cos. v. Dillon, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978)).

"Because we do not judge the credibility of witnesses or weigh the evidence on appeal, our personal view of the underlying factual debate plays no role in the task of appellate review." Clifton v. Clifton Cable Contracting, LLC, 54 Va. App. 532, 541 n.2, 680 S.E.2d 348, 353 n.2 (2009) (citation and internal quotation marks omitted). Thus, it "makes no difference that we would have decided the facts differently," Thorpe, 57 Va. App. at 623-24, 704 S.E.2d at 614 (citations and internal quotation marks omitted), because the statute authorizes the commission to adopt whatever view of the evidence it considers "most consistent with reason and justice," Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (citation omitted).

### B. ARISING-OUT-OF-EMPLOYMENT REQUIREMENT

The Workers' Compensation Act applies when the claimant "satisfies *both* the 'arising out of' *and* the 'in the course of' prongs of the statutory requirements of compensability." Butler v. S. States Coop., Inc., 270 Va. 459, 465, 620 S.E.2d 768, 772 (2005) (emphasis added). The statutory phrases "'arising out of' and 'in the course of' employment are not synonymous" and both conditions must be proved before compensation will be awarded. R & T Invs., Ltd. v. Johns, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984); Clifton, 54 Va. App. at 539, 680 S.E.2d at 352 (quoting PYA/Monarch & Reliance Ins. Co. v. Harris, 22 Va. App. 215, 221, 468 S.E.2d 688, 691 (1996)).

We adhere to the "distinction between arising 'out of' and arising 'in the course of' employment." Cnty. of Chesterfield v. Johnson, 237 Va. 180, 186, 376 S.E.2d 73, 76 (1989). Arguments overlooking "the difference between the concepts of 'arising out of' and 'in the course of' the employment" are little more than efforts to "eradicate the distinction which exists under Virginia law between these expressions" and, if successful, "would mean an acceptance of the 'positional risk' doctrine in cases of this type and amount to a rejection of the 'actual risk' test long-recognized in Virginia." Dillon, 219 Va. at 640, 248 S.E.2d at 823 (citation omitted).

The "actual risk" doctrine "excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment.'" Taylor v. Mobil Corp., 248 Va. 101, 107, 444 S.E.2d 705, 708 (1994) (quoting Johnson, 237 Va. at 183, 376 S.E.2d at 75 (in turn quoting United Parcel Serv. Of Am. v. Fetterman, 230 Va. 257, 258, 336 S.E.2d 892, 893 (1985))). The Virginia Supreme Court has "consistently rejected" the positional risk doctrine and has emphasized that the "actual risk" standard necessarily excludes an injury caused by "'a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood.'" Hill City Trucking, Inc. v. Christian, 238 Va. 735, 739-40, 385 S.E.2d 377, 379-80 (1989) (emphasis omitted) (quoting Dillon, 219 Va. at 638, 248 S.E.2d at 822). Virginia courts have applied this principle in numerous cases.[2]

---

[2] See Simms v. Ruby Tuesday, Inc., 281 Va. 114, 122-23, 704 S.E.2d 359, 363 (2011); Combs v. Va. Elec. & Power Co., 259 Va. 503, 509, 525 S.E.2d 278, 282 (2000); Richmond Newspapers, Inc. v. Hazelwood, 249 Va. 369, 372, 457 S.E.2d 56, 58 (1995); Metcalf v. A. M. Express Moving Sys., Inc., 230 Va. 464, 468, 339 S.E.2d 177, 180 (1986); Cent. State Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 259 (1985); City of Richmond v. Braxton, 230 Va. 161, 164, 335 S.E.2d 259, 261 (1985); R & T Invs., 228 Va. at 253, 321 S.E.2d at 289; Richmond Mem'l Hosp. v. Crane, 222 Va. 283, 285, 278 S.E.2d 877, 879 (1981); Baggett Transp. Co., 219 Va. at 638, 248 S.E.2d at 822; Conner v. Bragg, 203 Va. 204, 209, 123 S.E.2d 393, 397 (1962); Norfolk & Wash. S.B. Co. v. Holladay, 174 Va. 152, 157-58, 5 S.E.2d 486, 488

Cases involving tripping over steps at work provide a classic example of this principle. "The fact that the injury occurred at work adds nothing and answers nothing, when the inquiry is, did the injury arise out of the employment. It simply helps prove the 'in the course of' prong of the compensability test." Johnson, 237 Va. at 185, 376 S.E.2d at 76. A tripping accident arises out of the employment when the evidence shows a tripping hazard or danger peculiar to the worksite. In such cases, the walking surface presents an enhanced risk,[3] qualitatively different from the common steps most of us walk up and down both on and off the job. But if there is "nothing unusual about or wrong" with the walking surface, an employee tripping over it cannot show the accident "arose out of" the employment. Id. (applying principle to stairs).

In this case, the commission found that Jennings did not trip because of the indentation in the tile floor. Instead, she tripped as she stepped onto the metal strip at the threshold between the tile floor and the carpet. The commission found no evidence suggesting the metal strip was "unusual or defective." Jennings, 2011 Va. Wrk. Comp. LEXIS 398. It appeared to be an

---

(1939); Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938); Liberty Mut. Ins. Corp. v. Herndon, 59 Va. App. 544, 556-57, 721 S.E.2d 32, 38 (2012); Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000); Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 64, 526 S.E.2d 295, 297 (2000); Carlson v. Dep't of Military Affairs, 26 Va. App. 600, 606, 496 S.E.2d 107, 110 (1998); Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 93, 493 S.E.2d 384, 387 (1997); Grove v. Allied Signal, Inc., 15 Va. App. 17, 19-20, 421 S.E.2d 32, 34 (1992); Winegar v. Int'l Tel. & Tel., 1 Va. App. 260, 261-62, 337 S.E.2d 760, 760-61 (1985).

[3] A workplace condition that "increase[s] the risk of injury" implicates the actual risk test. Hill City Trucking, 238 Va. at 739-40, 385 S.E.2d at 379-80; see also R & T Invs., 228 Va. at 253, 321 S.E.2d at 289 (noting the "probability" of harm may be "augmented" by the "peculiar" risks of the job (citation omitted)); Lucas v. Fed. Express Corp., 41 Va. App. 130, 135, 583 S.E.2d 56, 59 (2003) (focusing on the "special or peculiar" risks of the workplace); Roberson v. Whetsell, 21 Va. App. 268, 271 n.1, 463 S.E.2d 681, 683 n.1 (1995) (noting the employee's risk "was heightened" by the conditions of his employment); Southland Corp. v. Parson, 1 Va. App. 281, 287, 338 S.E.2d 162, 165 (1985) (finding "elevated height constituted an 'added risk' of the employment").

ordinary, non-defective metal strip separating the tile floor from the carpet at the threshold of the room. "There was no evidence," the commission added, "that the claimant was exposed to a heightened risk of injury as a result of her employment, such as a requirement to hurry or otherwise engage in some employment-related task which made it more likely that she would trip over the threshold." Id.[4] Thus, to the extent tripping on the ordinary threshold could be called a hazard at all, it was not a peculiar one — either in quality or degree — to her employment. As a result, the "actual risk" standard was not met because the injury resulted from "*a hazard to which the workman would have been equally exposed apart from the employment*" rather than one "peculiar to the work and not common to the neighborhood." Hill City Trucking, 238 Va. at 739, 385 S.E.2d at 379 (emphasis in original) (quoting Dillon, 219 Va. at 638, 248 S.E.2d at 822).

### III.

Given its factual findings, the commission correctly held Jennings's tripping accident occurred in the course of, but did not arise out of, her employment.

Affirmed.

---

[4] Cf. Marion Corr. Treatment Ctr. v. Henderson, 20 Va. App. 477, 479, 458 S.E.2d 301, 302 (1995) (affirming award where claimant's "job responsibilities caused him to watch the tower guards rather than the steps," providing "the 'critical link' between the conditions of the workplace and the injury," thereby proving his "injury arose out of his employment").